## HUTCHISON et al. v. ROSS et al.

### No. 12161.

Court of Civil Appeals of Texas. Dallas.

Nov. 30, 1935.

Rehearing Denied Jan. 4, 1936.

W. Gregory Hatcher, Renfro, McCombs & Kilgore, and Wm. Andress, Jr., all of Dallas, for appellants.

William McCraw, Atty. Gen., Curtis E. Hill, Asst. Atty. Gen., and Carl L. Phinney and A. S. Jackson, both of Dallas, for appellees.

JONES, Chief Justice.

This is an appeal from the judgment of a district court of Dallas county, denying appellants, L. L. Hutchison and J. R. Hutchison, a minor, suing by next friend, L. L. Hutchison, a temporary writ of injunction. The appeal has been duly perfected to this court, and the following are the necessary facts:

On the presentation of the verified petition, the court granted a restraining order, as prayed for by appellant, which order was to remain in force until September 14, 1935, at which time appellees were required to show cause why a temporary writ of injunction should not be granted. This order was modified on motion of appellees on September 2, 1935, in certain respects, not material to this appeal.

The basis for the application for a temporary writ of injunction rests on the filing of a suit by appellants in the district court for the Fourteenth judicial district of Texas, for damages against appellees, John Ross, an employee of the Texas Railroad Commission, Douglas McCauley, an employee of the highway department of the state of Texas, R. E. Darby, a justice of the peace of Montgomery county, G. H. Hooper, sheriff of Montgomery county, L. G. Phares, chief of state highway patrol, Ernest Goens of the public safety commission, state highway department, Albert Sidney Johnson, George W. Cottingham of said commission, Lon A. Smith, C. V. Terrell, Ernest O. Thompson composing the Railroad Commission of Texas; and other parties, sureties on the official bonds of some of the officers herein named.

In general, the damages sought is for compensation for the loss of property and property rights, wrongful arrest and false imprisonment of appellants by appellees Ross McCauley, Hooper, and Darby; the damages claimed is for the sum of $30,000.

Briefly, the effect of the allegations in the petition is to charge false arrest and false imprisonment, and a threat to continue a course of unlawfully arresting appellants until they are driven from the highways in Texas in the lawful operation of their own trucks for the specific purpose only of carrying their own products; that such course of treatment by appellees had resulted in the wrongful arrests and false imprisonment on two different occasions, and that such arrests and imprisonments would continue in the future, not-withstanding appellants had violated no law, and were lawfully pursuing the business of transporting only their own products. The petition is very lengthy and the allegations as to the treatment of appellants is specific, as to the treatment accorded them by the arresting officers, and by the sheriff and justice of the peace after appellants were arrested. As against a general demurrer, the petition alleged grounds that entitled them to the relief of a temporary injunction.

On September 14, 1935, appellees appeared either in person or by attorneys in response to the court's "show-cause order," but filed no pleading. At this hearing, appellants contended that, in the absence of any verified written pleading denying the allegations in the petition, such allegations (the truth of which was duly verified) must be taken as confessed, and offered in evidence the verified petition. On objection of appellees, the court refused to admit the verified petition as evidence, and stated that evidence would be heard from both sides so as to determine whether appellants were entitled to the temporary injunction. Appellants duly excepted to this ruling of the court, and objected to appellees offering any evidence in the case, because they had filed no pleading as a basis for any evidence. The court likewise overruled this objection, to which ruling appellants duly excepted. In obedience to the ruling of the court, appellants offered evidence, substantiating their material allegations in the petition. Again, over the same objection of appellants, the court heard the evidence of appellees. The tendency of this evidence was to disprove the material allegations in the petition. After the close of the evidence on each side, the court entered the order denying the application for the injunction.

Without quoting the evidence, it is deemed sufficient to say that the evidence offered by appellants shows an oppressive course of conduct toward appellants by an employee of Railroad Commission and two employees of the highway department that should not be tolerated because of its oppressive nature, in even a zealous attempt to enforce the law in respect to the transporation of freight carrying trucks over the highways, and also shows an intolerable course of conduct on the part of the justice of the peace and a deputy sheriff toward these appellants. It shows that the enforcement officers indulged in

threats against appellants to continue such course of conduct until they were driven from the highway. This evidence shows that appellants were operating their own trucks for the carrying only of their own products, and under the law of this state (article 911b, Vernon's Ann.Civ.St.) were not required to secure a permit from the Railroad Commission as a prerequisite to operating their trucks. However, evidence of appellants indicates that, on the first occasion of their arrest their truck was overloaded, and, consequently, in violation of law. Nevertheless, because of the positive testimony of appellants as to the conduct of the aforesaid officers, they were clearly entitled to the injunction if their evidence should be accepted as true by the trial court.

█ On the other hand, the evidence of appellees shows that, on the occasion of the arrests of appellants, the movement of the truck through the city of Conroe, in Montgomery county, indicated to the arresting officers that the truck was overloaded; so they followed the truck for a short distance, overtook it, and told the owner thereof that they believed it was overloaded; he admitted that it was overloaded, and that he was violating the law in that respect. The officers, however, weighed the truck and found it approximately 6,000 pounds overloaded, and also found in the truck's cargo, what the officers reasonably believed to be goods belonging to others than appellants, and by reason thereof filed two complaints against appellant L. L. Hutchison, one for violating the law in operating the truck, loaded with a cargo in excess of the lawful maximum of 7,000 pounds in weight, and also for operating the truck carrying goods for others without having first obtained a permit from the Railroad Commission. These arresting officers denied that any threat was made by them in respect to future arrests and prosecutions of appellants, but admit warning them that they would be liable for arrest in the future, either in the event the truck was overloaded, or in the event the truck carried commodities for others who paid a hire for such transportation, unless a lawful permit was obtained. Unquestionably, these highway employees had the right, when it reasonably appeared to them that appellants were operating a truck in violation of law, to stop such truck and investigate same. In no other way could an efficient enforcement of the law regulating the operation of freight-carrying trucks be had. If the trial court should accept as true appellees' testimony, then no injunction should have been issued.

The appeal, therefore, presents a case of sharp conflict in evidence, and the finding of the trial court thereon is binding on this court. We hold, therefore, that the judgment of the trial court, denying a temporary writ of injunction, is supported by evidence, and cannot be disturbed on appeal.

█ The main contention of appellants, however, is not that the judgment finds no support in the evidence, but that appellees having filed no pleading controverting the allegations of the petition, in law there was no legal evidence before the court; that in a case of an application for a temporary writ of injunction, the allegations in the petition that are not controverted are taken as confessed, and in such a case the court should consider only the verified allegations of fact appearing in the petition. We do not agree with appellants' contention in this respect, when the hearing is on a "show-cause order." We believe on such a hearing a defendant can appear in person and by testimony controvert either the allegations in the petition or the evidence offered by plaintiff in support of such allegations. It is settled law in this state that the granting of a temporary writ of injunction rests in the discretion of the trial court, and is only subject to review when there is a plain abuse of such discretion. The court can act on verified allegations of a petition, or can hear evidence either in support of, or in contradiction of, these allegations. In the instant case, the court declined to act alone on the petition on the allegations of fact contained in the petition, and requested evidence from both sides. This was clearly within the power of the court, and there was no error committed by the trial court in the course pursued in the instant case.

Where it is sought to enjoin duly commissioned officers in efforts to enforce the law in this state against an individual whom such officers believe to be violating the law, we believe the course pursued by the trial court was commendable, to the end that no rights of appellants would be ignored, and no lawful rights of the enforcing officers be prohibited.

498

It follows that, in our opinion, the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.