**MARYLAND CASUALTY COMPANY,**
**Appellant,**

v.

**Wiley T. CULPEPPER and Rena Mae**
**Culpepper, Appellees.**

No. 5630.

Court of Civil Appeals of Texas.

El Paso.

June 26, 1963.

Rehearing Denied July 17, 1963.

Brewster & Hoy, El Paso, for appellant.

Pearson & Speer, Don Lee Cotton, El Paso, for appellees.

FRASER, Justice.

This was a suit filed by appellee Wiley T. Culpepper against appellee Rena Mae Culpepper, his wife, for divorce and division of the community property of appellees. Mr. and Mrs. Culpepper assume the status of co-appellees herein by virtue of an attempted intervention by appellant in the divorce suit between the two Culpeppers. The divorce suit was instituted on October 1, 1962; on October 19, 1962 appellee Rena Mae Culpepper filed her answer and cross-action in which she asked for a restraining order enjoining appellee Wiley T. Culpepper from, among other things, encumbering or making any disposition of community property and funds. Upon her sworn petition, a restraining order and notice to show cause was granted by the trial court on October 19, 1962. On October 26, 1962 hearing was had in the trial court on the application of appellee Rena Mae Culpepper for temporary injunction and other relief. After hearing, the court, on October 31, 1962, granted the temporary injunction enjoining appellee Wiley T. Culpepper from, among other things, encumbering or making any disposition of community property or major expenditure of community funds during the pendency of the suit. After these proceedings had occurred appellant, Maryland Casualty Company, on November 5, 1962, intervened in the above-mentioned divorce suit, asked for and obtained a temporary restraining order, and made application for temporary injunction against both Wiley T. Culpepper and Rena Mae Culpepper. The basis of appellant's intervention was a judgment obtained by intervenor as plaintiff against appellee Wiley T. Culpepper, as defendant, in cause No. 89884 in the District Court of El Paso County, Texas, Forty-first Judicial District, on November 18, 1958, in the amount of $14,991.66, plus the further sum of $4,000.00 as attorney's fees. The trial court granted the restraining order and issued a notice to show cause to appellees upon intervenor's application for temporary injunction. The

temporary restraining order was extended by proper orders of the court and the hearing on application for temporary injunction duly extended to the 26th day of November, 1962, when hearing on such application for temporary injunction was held, and application denied and temporary restraining order dissolved, to which order appellant excepted and gave notice of appeal to this court. Thereafter, motion was duly made to reinstate the temporary restraining order and continue the same in force pending this appeal. Such motion was granted and supersedeas bond properly posted as required by the order of the court. Appeal bond was thereafter posted.

Plaintiff's Motion to Strike Intervenor was filed November 26, 1962, and on December 20, 1962 the court considered the motion and ordered that the divorce proceeding be severed from the intervention. Appellant's intervention in the divorce suit was obviously an attempt to protect or realize on an unsatisfied judgment against the husband. Appellant argues that the temporary restraining order should have been granted in order to maintain the status quo, and to prevent irreparable harm, loss or damage.

First of all, we must keep in mind that this is an appeal from an order of the trial court denying a temporary injunction —a matter wherein the court has wide discretion—and the sole question here is whether or not the trial court abused such discretion. The order denying the application for temporary injunction appears to have been entered after a full hearing, including oral testimony and arguments by counsel. The order does not set forth any findings of fact, but confines itself to the dissolution of the temporary restraining order and denial of the application for temporary injunction. The order reinstating the temporary restraining order states as follows:

"No findings of fact are hereby made by the Court either expressly or im-

pliedly on the matters which were before the Court and determined by it in its order dated November 26, 1962 and signed and entered herein by the Honorable J. H. Starley, Judge Presiding."

The appellees maintain that there was no testimony indicating that they were attempting to dispose of any of their property; that they were merely trying to get it divided and set apart as a part of the divorce judgment between them. Among other things, they owned a home in El Paso, Texas which was admittedly their homestead. There were no children.

As we see this case, it is a divorce case between Wiley Culpepper and his wife, wherein the appellant is attempting to intervene in order to protect or collect a judgment against Mr. Culpepper. It is not disputed that the court heard considerable testimony and arguments from both sides. It has been stated by both text books and courts that the trial court, in a matter of this nature, is clothed with broad discretion and may, if he sees fit, require or request evidence from both parties in addition to the allegations of a verified petition, even though the defendant files no pleadings whatever. Hutchison et al. v. Ross et al., 89 S.W.2d 495 (Tex.Civ.App.); Texas Practice (Lowe & Archer)—Injunctions and Other Extraordinary Proceedings, Sec. 337; 31 Tex.Jur.2d 262—Injunctions—Sec. 148.

Chief Justice Hickman, of the Supreme Court, in Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, et al., 151 Tex. 239, 248 S.W.2d 460, said as follows:

"The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion."

We do not find that the trial court abused his discretion in any way in refusing to grant the temporary injunction. As stated by appellees, such order could well cause hardship to them in the use or disposition of their homestead, against which, while it remains a homestead, a judgment of this sort, of course, could not be collected. It is not clear to us upon what legal right the intervenor bases its contention that it has a right to intervene in a divorce case and freeze or immobilize the property of the contestants; nor is it clear how said intervenor could or would be harmed by the orderly disposition of the property involved in this divorce case. According to the record its judgment was four years old, and of course it had the right to file or record it wherever such might be useful, and to avail itself of other remedies provided by law for the collection of a judgment. We do not believe that the intervention here attempted is proper or legally authorized under the facts and circumstances here present. We repeat, it is not made clear to us, and must not have been to the trial judge, how the divorce proceedings could impair any of the rights appellant has had ever since the date of its judgment. We have not found any cases permitting intervention of the type proposed here. We should like to point out, too, that it does not appear that intervenor, the applicant here for an injunction, has qualified by showing the absence of adequate remedies at law, nor do we feel that it has adequately proven that it might suffer irreparable harm or loss. As stated above, intervenor has now, and has always had, the remedies provided for in the collection of a judgment, including garnishment, attachment, liens, etc.

For the reasons set forth above we cannot find that the trial court abused its discretion in declining to grant the tempo-

rary injunction. Some of the cases discussing this matter and various factors pertinent thereto are as follows: Youngblood v. Youngblood, Tex.Civ.App., 163 S. W.2d 731; Magnolia Pipe Line Co. v. Moore, Tex.Civ.App., 292 S.W.2d 142; Long v. City of Fort Worth, Tex.Civ.App., 333 S.W.2d 644; Sakowitz Bros. et al. v. McCord, Tex.Civ.App., 162 S.W.2d 437.

In Bledsoe v. Grand Lodge of United Brothers of Friendship, Tex.Civ.App., 53 S.W.2d 73, the court clearly enunciates the rule as follows:

> "It is a well-settled rule that in order to obtain relief in equity through the means of a temporary writ of injunction, the complainant must show that he has no other adequate legal remedy, and the petition must negative every fact from which it could reasonably be inferred that he has a legal remedy against the wrong complained of."

For the reasons set forth above, we hold that the trial court did not abuse his discretion in declining to issue the temporary injunction.

Appellant's point is overruled and the judgment of the trial court is in all things affirmed.