**Richard M. PERSYN and Elmaya W. Persyn, Appellants,**

v.

**Ray K. ISHIHARA and Mary H. Ishihara, Appellees.**

No. 16502.

Court of Civil Appeals of Texas, San Antonio.

Oct. 22, 1980.

W. C. Kirkendall, Threlkeld, Saegert & Kirkendall, Seguin, for appellants.

Al De La Garza, San Antonio, for appellees.

OPINION

KLINGEMAN, Justice.

This is an appeal from an order granting a temporary injunction. Appellees, Ray K. Ishihara and Mary H. Ishihara, filed suit in

Bexar County, Texas, against Richard M. Persyn and Elmaya W. Persyn, seeking reformation of a promissory note so as to provide for annual payments rather than monthly payments; for damages under the Deceptive Trade Practices Act–Consumer Protection Act; and for temporary injunction restraining and enjoining appellants from foreclosing on the real estate lien securing the note involved during the pendency of this cause. The trial court set a hearing on the application for temporary injunction, and after hearing evidence, entered an order granting the temporary injunction conditioned on appellees' posting bond in the amount of $14,257.28. The appeal here involves only the order granting the temporary injunction.

On or about December 1, 1978, appellants as seller and appellees as buyer entered into an earnest money contract to convey property known as Michael's Apartments in Universal City, Bexar County, Texas, for a total consideration of $270,000 as follows: (1) $60,000 cash; (2) buyer to assume an existing mortgage in the approximate amount of $110,000; (3) seller to carry a second mortgage in the amount of $100,000 at 9¾% interest amortized for 25 years at $10,693 annually. Although not specifically shown by the contract, the transaction was to be closed by a third party exchange, with Nicholas Colon and Bertha Colon being conveyed the property by appellants, and the Colons executing the vendor's lien note here involved. The Colons later conveyed title to the property to appellees in exchange for an apartment building situated in Los Angeles, California, owned by appellees. Appellees assumed the obligation on the promissory note signed by the Colons.

Appellants assert that there is no evidence or insufficient evidence by which the trial court could have concluded the appellees would prevail in a trial on the merits. Appellants urge that the only applicable ways for appellants to secure reformation of the executory contract involved are by virtue of (a) mutual mistake of the parties, (b) unilateral mistake of the plaintiff coupled with inequitable conduct on the part of the other party, or (c) fraud or misrepresentation. They argue that there is absolutely no pleading or evidence to support the first two methods, that appellees' pleadings only hint of fraud and that there is no evidence of the essential elements of fraud.

A trial judge abuses his discretion when he fails to apply the law correctly to the undisputed facts or when he grants a writ when the evidence fails to furnish any reasonable basis for concluding the appellant has a probable right of recovery. *State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526 (Tex.1975); *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517 (1961).

The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion. *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952).

■ An appeal of an order granting or denying a temporary injunction is interlocutory in nature and the merits of the underlying case are not presented for appellate review. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). The evidence must be reviewed, but only to see if it supports the trial court's exercise of discretion and if the evidence is conflicting the order will not be reversed if there is evidence to support it. *Anderson County Taxpayers' League v. City of Palestine*, 576 S.W.2d 679 (Tex.Civ. App.–Tyler 1979, no writ).

In *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953), the court said:

In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. *James v.*

*Weinstein & Sons*, Tex.Com.App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. *Rosenfield v. Seifert*, Tex.Civ.App., 270 S.W. 220, 223; *Nagy v. Bennett*, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 462.

*Id.* at 552.

■ Appellees resided in California and closed their portion of the transaction through Stewart–West Coast Title Company while appellants closed their portion of the transaction in the offices of Stewart Title Company of San Antonio. Stewart Title Company of San Antonio delivered a copy of the earnest money contract and the title information to Mr. Peterson, an attorney in the Stewart Title Building, and requested him to prepare the note.

Mr. Peterson prepared a warranty deed, promissory note, and deed of trust which he then returned to Mr. Gerald Miller, escrow officer. Miller forwarded the papers to appellants for their signatures and approval. Appellants marked on the real estate lien note the changes they required to be made to conform the papers to their understanding of the agreement of the parties, including a change to provide for payments on a monthly basis. They then returned the note to Miller with the other unsigned papers. Miller then redelivered the papers to Peterson who redrafted them pursuant to the request by appellants. The deed was then executed by appellants, and the other papers, including the promissory note, the subject of this suit, were forwarded to Stewart Title–West Coast for signature by the Colons and assumption by the appellees. The papers were returned to Miller, signed and approved in all particulars by all necessary signatories. Appellees first tendered a check for the first monthly payment, but payment was then stopped by appellees. This suit resulted after the note was matured and foreclosure notices posted.

Appellees assert that in this equitable proceeding the trial court correctly granted the temporary injunction enjoining the foreclosure procedure on the real estate involved pending final outcome of the case; that unless the foreclosure was enjoined appellees would suffer irreparable injury and damages in that such foreclosure would terminate all of appellees' rights in and to the property involved, and that in addition to losing the property they would also lose a substantial cash payment made by them plus all installments made by them on the first lien note. They further assert that they would be deprived of their day in court; that appellants would suffer very little damages, if any, and would be adequately protected; that if appellants prevail on a trial on the merits they can still foreclose and will obtain the property plus all payments made by appellees on the property; that the worst that could happen to appellants on a trial on the merits is that appellees might succeed in having the note reformed to provide for annual payments rather than monthly payments. In summary, they assert that the trial court properly applied the applicable law pertaining to the granting or refusing of a temporary injunction and was not guilty of an abuse of discretion.

The testimony viewed in a light most favorable to appellees discloses: that the earnest money contract signed by the parties provided for payments on an annual basis; that the note involved was not signed by appellees but by a third party; that appellees did not read the note involved and assumed that it was prepared in

accordance with the escrow contract; that they were never able to obtain copies of the instruments involved prior to execution by them of the assumption; that they were told that the closing would take place on a given date but that it occurred prematurely and without their knowledge; that they were told that the escrow would not be closed until they had reviewed the papers and documents involved; that they were not aware of the fact that the note had been changed and relied on the fact that the escrow contract provided for annual payments. There is testimony to the contrary.

While we do not agree with some of appellees' contentions, we do agree that the trial court did not abuse its discretion in granting the temporary injunction. The trial court apparently felt that it was necessary to preserve the status quo pending a trial on the merits and apparently believed appellees' version of the matters involved and not appellants'. We find no abuse of discretion by the trial court in granting the temporary injunction.

The judgment of the trial court is affirmed.