**Richard TRICKEY, Trustee, Appellant,**

v.

**Charles C. GUMM, III, Trustee, Appellee.**

**No. 10–81–037–CV.**

Court of Appeals of Texas, Waco.

March 11, 1982.

**168**

Richard Trickey, Trickey & Trickey, Fort Worth, for appellant.

James E. Hallman, Susan McMillion, Cleburne, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from an order granting Appellee a temporary injunction to prevent foreclosure by Appellant under a deed of trust. Appellant appeals the trial court's order, bringing forth five points of error.

In 1974 Raymond and Betty Joy Dragoo sold approximately 250 acres of land to a joint venture group for $154,357.22. The land is subject to an underlying mortgage in favor of the Federal Land Bank Association, taken to secure the Dragoo's note for the purchase price of the property. The agreement between the Federal Land Bank and the Dragoos forbids any sale of the property without approval of the Association. Appellee Gumm as trustee for the purchasing group executed a note for the purchase price payable to the Dragoos. To secure the note he also executed a deed of trust to the land in favor of a trustee for the Dragoos. That trustee failed to act, and Appellant Trickey is the substitute trustee for the Dragoos. The deed of trust executed by Gumm also contained a clause requiring the Appellee to secure written permission of the Dragoos before selling any of the property. It further provided for acceleration and foreclosure upon default in any of the terms. There were to be ten annual interest only note payments of approximately $7,000 on June 1st of each year.

In January of 1979, 161 acres of the land was sold by Appellee to one Whitfell; no permission to sell had been obtained from the Dragoos as required by the terms of their agreement. Three similar sales had been made before the sale to Whitfell and two after, but all five had been made with the permission of the Dragoos. Further, under the terms of the agreement as to those five sales, the payments made by the purchasers were made directly to the Dragoos and were used to reduce Appellee's indebtedness on the note.

On June 3, 1980 Appellant gave written notice to Appellee that they were in default. Two grounds were specified: failure to timely pay the 1980 interest installment, and sale of part of the land to Whitfell without permission. On June 7, 1980 Appellee made the 1980 interest payment; it was accepted by Appellant and negotiated by the Dragoos. By letter dated July 25th, 1980, Appellant gave notice to Appellee that the Dragoos were exercising their option to declare the balance of the note due because of sale of the property to Whitfell; the letter informed that a foreclosure sale would be conducted on September 2, 1980 if full payment was not received by August 1st. Appellee did not pay the balance of the note; instead, on August 29th, he filed a petition for injunctive relief to block the threatened foreclosure. A temporary restraining order was issued and a hearing date set to consider Appellee's request for a temporary injunction. After the hearing was conducted and evidence taken, the trial court issued the temporary injunction, from which Appellant appeals. The trial court made the following findings of fact and conclusions of law in support of its order:

### FINDINGS OF FACT

(1) That Raymond C. Dragoo and his Wife, Betty Joy Dragoo conveyed certain property to Charles C. Gumm, III, Trustee by general warranty deed on May 13, 1974.

(2) That Charles C. Gumm, III, Trustee, executed a promissory note in favor of the said Raymond C. Dragoo and

Wife, Betty Joy Dragoo for the purchase price of said property.

(3) That Defendant is the holder of a Deed of Trust securing payment of the note, which Deed of Trust is recorded in Volume 292, Page 789, of the Deed of Trust Records of Johnson County, Texas.

(4) That Plaintiff, at the time of closing of the property transfer, prepaid interest in the amount of $18,000.

(5) That the June 1, 1980 installment was paid on June 7, 1980 and accepted and negotiated by said Raymond C. Dragoo and Wife, Betty Joy Dragoo.

(6) That all taxes on the property have been paid.

(7) That all payments provided for by said note are current.

(8) That the security for the note has appreciated in value since the property transfer.

(9) The security retained by Plaintiff upon the sale of the said property to David Whitfill (sic) is more than sufficient to cover the unpaid balance of said note payable to Raymond C. Dragoo and his wife, Betty Joy Dragoo.

(10) That Plaintiff and others would lose their equity in the property, as well as be subject to numerous unliquidated expenses, were Defendants to be allowed to foreclose on said property.

(11) That such damages would be substantial and irreparable.

(12) That Defendants have in fact sought to foreclose on the property.

## CONCLUSIONS OF LAW

(1) The acceleration of the note executed by Charles C. Gumm, III, Trustee to Raymond Dragoo and his Wife, Betty Joy Dragoo was not done for the protection of his security interest but for the purpose of inducing the maker of said note into paying the entire debt.

(2) After notice of default had been received by Charles C. Gumm, III, Trustee and the note accelerated because of the non-payment of the June, 1980 payment, and the sale of the property by Charles C. Gumm, III, Trustee to David Whitfill (sic), that payment was made on the note and accepted by the holders of the note, which condition constitutes an estoppel by waiver.

(3) Pursuant to acceptance by Defendants of the June, 1980 payment and since the property has been improved and appreciated in value since the signing of the note from Charles C. Gumm, III, Trustee to Raymond Dragoo and his Wife, Betty Joy Dragoo, Plaintiff has a probable right and a probable injury so that a Temporary Injunction is hereby issued.

In his first and second points of error Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's conclusion that acceptance by Appellant of the June, 1980 payment constituted an estoppel by waiver. He also contends in his third and fourth points of error that the evidence was factually and legally insufficient to sustain the trial court's findings that Appellee would suffer irreparable injury if the temporary injunction was not granted. Appellant's fifth point is that the order granting the temporary injunction was in error because there is no factual or legal basis to support it.

Appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis v. Huey*, (Tex.1978) 571 S.W.2d 859. The applicant for a temporary injunction need only show a probable right and a probable injury, and is not required to establish that he will finally prevail in the litigation. *State v. Southwestern Bell Tel. Co.*, (Tex. 1975) 526 S.W.2d 526. With this in mind we

proceed to review the evidence to ascertain whether the issuance of a temporary injunction was proper in this case.

We believe there is substantial evidence in support of the finding that Appellant's acceptance of the June, 1980 payment constituted an estoppel by waiver. Seventeen months elapsed between the time the sale without permission occurred and the time Appellant gave notice that such sale was a default; indeed, evidence showed that the purchaser Whitfell had been in possession of the property for some four years. The issue of waiver is clearly raised by evidence that the noteholder accepted payment on the note after sending notice of default. Appellant insists, however, that Appellee was informed repeatedly that acceptance of the June, 1980 payment did not waive their rights with respect to the sale without permission. But the testimony adduced at the hearing showed that Appellant and Appellee had been negotiating both before and after acceptance of the June, 1980 payment in an attempt to settle the problems raised by Appellee's sale of the property without approval. The facts before us do not negate the possibility that Appellee was led to believe that no acceleration of the note would be attempted. We certainly cannot say that the trial court abused his discretion in concluding that Appellant was estopped from foreclosing because he had waived compliance with the due on sale clause. Appellant's first and second points of error are overruled.

We also believe, contrary to the assertions made by Appellant in his third and fourth points of error, that there was ample evidence of irreparable injury. Uncontroverted evidence established that if foreclosure were allowed Appellee would lose substantial equity in the property; the remaining balance of the note owed to the Dragoos is approximately $90,000, yet the property is worth in excess of $140,000. Whitfell, the purchaser from Appellee, would be required to vacate the land on which he had made considerable valuable improvements; he would likely seek damages from Appellee as a result. By contrast, Appellant will suffer little if the temporary injunction is upheld until the case is decided on its merits. Due to the appreciation of the land, there is more than adequate security for Appellee's note. There is evidence that the Dragoos intended to foreclose, not because they felt that Appellee's note is inadequately secured, but because they desired to use the money to purchase other real estate. Appellee is current in his note payments to Appellant, and taxes and insurance are paid. A representative of the Federal Land Bank Association testified that the Association had no intention of exercising their right to accelerate and declare the Dragoo's note due because of the sale without approval. Under these circumstances we hold that there is ample evidence in the record for the trial court to find that Appellee would suffer irreparable injury if the temporary injunction was denied. Appellant's third and fourth points of error are overruled.

Since we have found in our discussion of Appellant's first four points of error that there was a factual and legal basis for the temporary injunction issued by the trial court, we overrule Appellant's fifth point of error also.

Having found no reversible error, we affirm the order of the trial court granting the temporary injunction.

AFFIRMED.