**B. Jack VOSS, Charles F. Mitchell and N.D. Hooks, Appellants,**

v.

**Timothy CLARK and wife, Joyce Clark, Appellees.**

No. 09–83–181 CV.

Court of Appeals of Texas, Beaumont.

March 29, 1984.

James A. Clark, Woodville, for appellants.

Michael S. Ratcliff, Jasper, for appellees.

## OPINION

BROOKSHIRE, Justice.

Timothy Clark and Joyce Clark brought suit to set aside a Substitute Trustee's Sale of approximately 25 acres of land in Newton County. The sale took place on December 7, 1982. The original petition, filed March 8, 1983, asked for a temporary restraining order and a temporary injunction. After a temporary restraining order (without notice) was issued, a hearing (after notice) was held on March 18, 1983, and later, on April 19, 1983, a writ of temporary injunction was issued enjoining Appellants, Voss, Mitchell and Hooks, from:

A. Transferring any title interest in the property;

B. From taking possession of the property or changing the condition of the property in any manner;

C. From attempting to convey any interest or title in the subject property.

The record clearly shows that Timothy Clark and wife, Joyce Clark, were delinquent in an annual note payment of approximately $3,800.00, having been due on September 15, 1982. Neither the principal nor the interest on the September 15, 1982, annual installment of $3,800.00 had been paid or actually tendered to the owners of the installment note, which was secured by a Deed of Trust—a second mortgage on the 25 acres of land in the S.S. Lewis Survey, as well as on a certain easement and right-of-way. Neither the Appellees, nor their representative, attended the trustee's sale.

In an appeal from an interlocutory order granting a temporary injunction, the merits of the case and the ultimate right of possession are, of course, beyond the perimeters or ambit of our review. The appellate review is limited to a determination of whether there has been an abuse of discretion by the trial court in granting the injunction. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962).

The purpose or function of a temporary injunction is to preserve the *status quo* pending a final trial on the merits of the cause of action. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953); *Houston Funeral Home v. Boe*, 78 S.W.2d 1091, 1094 (Tex. Civ.App.—Galveston 1934, no writ). After a careful reading of the record, we reach a different conclusion concerning the status quo from that reached by the trial judge. In the instant case, there was dominion exercised over the property by Appellants and, in fact, a contract for sale of the 25 acres of land, plus easement, had been made, according to testimony. Those who claim under the Substitute Trustee's Deed claim a vested right in real property.

From the record, Timothy Clark and Joyce Clark were not in possession from at least the date of the Trustee's sale (December 7, 1982) until the March 18, 1983, hearing, or even later, when the writ of temporary injunction was issued. Even as to the earlier date, it cannot be said that the Clarks were in complete or quiet possession and, hence, we do not hold that the Clarks' possession, if any they had prior to March 8, 1983, was the last, actual, peaceable, non-contested, non-litigated status quo. Therefore, any presumption, which on appeal is frequently favored toward the trial court's decision, cannot be followed in the instant case.

■ Since it appears that the writ of temporary injunction is founded upon an erroneous construction and application of the law to the record, the injunction will be dissolved. *Dallas General Drivers, Etc. v. Wamix, Inc. of Dallas,* 156 Tex. 408, 295 S.W.2d 873, 879 (1956); *General Telephone Company v. City of Wellington,* 156 Tex. 238, 294 S.W.2d 385, 393 (1956). As we view the record, the trial judge, by issuing a writ of temporary injunction, disturbed and upset the status quo. A court, generally speaking, is without authority to divest a party or diminish a party's property rights in real estate without a trial. *See Perry v. Stringfellow,* 134 Tex. 328, 134 S.W.2d 1031, 1032 (1940).

The Clarks had given, as their last address, a number on Peachtree Street in Jasper. They later moved and journeyed to the Island of Malta, in the Mediterranean Sea, without notifying N.D. Hooks, who then owned the note and was beneficiary under the Deed of Trust at the relevant date. The record shows that at least Joyce Clark knew of the first lien or deed of trust on the land in favor of a Mr. Dolittle; nevertheless, both the Clarks knew they were approximately two months delinquent in the payment of both the principal and interest on the annual installment due September 15, 1982. Between December 7, 1982, and about the middle of March, 1983, the Clarks did nothing to affirmatively contest the possession and dominion of the land by Appellants or their possible successors. Inasmuch as the Clarks did not have the last peaceable, uncontested possession of the 25 acres of land and the easement, their possession is not the proper state of affairs or the correct, legal status quo to be preserved.

It should be remembered that, undoubtedly, immediately before March 8, 1983, the date of filing of the original petition, Appellant, Voss, held title to the property in question and was seized and possessed of the property in question since at least January 6, 1983, under a General Warranty Deed from Appellant, Mitchell, who, in turn, held the property as Trustee since the sale of December 7, 1982. Therefore, in law, Voss had possession and certainly the right to possession. Because he was possessed and seized and had the right of possession of the property and had title, he had the right to convey the same until the issuance of the temporary restraining order.

The temporary restraining order, as well as the temporary injunction, which enjoined the possession, dominion and sale of the real estate and, indeed, ousted Appellant Voss, destroyed the actual and peaceable status quo of the parties to this controversy. *Transport Co. of Texas v. Robertson Transports, supra. See and compare Hartley v. Brady,* 114 S.W.2d 406 (Tex.Civ. App.—Amarillo 1938, no writ). *See also Railroad Commission v. Shell Oil Co.,* 146 Tex. 286, 206 S.W.2d 235 (1947). We sustain the first point of error.

■ Point of Error No. 2 also is sustained. There is no evidence of probative force and there is certainly insufficient evidence to demonstrate and buttress the court's findings that immediate and irreparable injury or loss would result to the Clarks unless a writ of temporary injunction was granted and, further, that the Clarks had no adequate remedy at law. There is no evidence of insolvency against any of these Appellants. There is no evidence that they have no property that is non-exempt or that they are, in East Texas jargon, judgment proof. From this record,

we find that money damages would be an adequate remedy for the Appellees and that the Appellees, having the burden of proof, failed to show that Appellants could not respond to a money judgment. *See and compare Maryland Casualty Company v. Culpepper*, 369 S.W.2d 533 (Tex.Civ. App.—El Paso 1963, no writ). *See Bledsoe v. Grand Lodge of United Bros. of Friendship*, 53 S.W.2d 73 (Tex.Civ.App.—Fort Worth 1932, no writ). On this issue, the trial court abused its discretion in its writ and also in its findings of fact and conclusions of law.[1]

In *Grayson Enterprises v. Texas Key Broadcasters*, 388 S.W.2d 204 (Tex.Civ. App.—Eastland 1965, no writ), we find the following language, at page 208:

"Appellee did not allege nor is there any showing that Grayson is insolvent and will or may be unable to respond in damages if a trial on the merits reveals that Grayson is guilty of a breach of the contract as alleged. We agree with appellant's contention that under these facts there is no showing that appellee has suffered irreparable injury. We are of the opinion that the record shows that appellant has an adequate remedy at law in its suit for damages...."

Appellees advance that the trial court's temporary writ must be affirmed if it can be sustained on any reasonable theory authorized by law or supported by the evidence. This proposition of equity law, however, is not controlling if there is a lack of evidence to support the judgment. From our record, the Appellees failed to discharge their burden showing insolvency of the Appellants either singly or jointly.

■ Appellants' third point of error states that the trial court abused its discretion in granting a temporary injunction which divested the Appellants from the possession and enjoyment of the real estate without a trial. We agree. It has been repeatedly held that an abuse of discretion is shown where the temporary writ disturbed the status quo because a "court is without authority to divest a party of property rights without a trial". *Perry v. Stringfellow, supra. See and compare Plant Process Equipment, Inc. v. Harris*, 579 S.W.2d 53 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). *See also MGJ Corp. v. City of Houston*, 544 S.W.2d 171 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). The third point of error is sustained.

For the reasons stated, we respectfully reverse the trial court and it is, therefore, ordered that the temporary injunction be dissolved and that costs be taxed against Appellees, Timothy Clark and Joyce Clark.

---

1. Moreover, our evidentiary statement of facts points up lucidly that the amount of the installment was, or should have been, known to the Appellees and that the interest was a reasonably simple, uncomplicated mathematical computation and that, in addition thereto, a reasonable attorney's fee could have been ascertained. Upon determining these amounts and the sum thereof, a proper tender to the owners of the installment note in question or to the registry of the court would have been equity. The Appellees have not done equity in this case and, since they have not done equity, they should not obtain equity.