HOME SAVINGS OF AMERICA, F.A.
and David Abdalla, Appellants,

v.

VAN CLEAVE DEVELOPMENT COM-
PANY, INC., Albert William Van
Cleave, Jr., Individually and Albert Wil-
liam Van Cleave, III, Individually, Ap-
pellees.

No. 04–86–00498–CV.

Court of Appeals of Texas,
San Antonio.

July 31, 1987.

James P. Keehan, Glenn A. Ballard, Houston, for appellants.

J. Ken Nunley, Uvalde, for appellees.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

### OPINION

CHAPA, Justice.

This appeal involves the granting of a temporary injunction in favor of Van Cleave Development Company, Inc., Albert William Van Cleave, Jr., Individually, and

Albert William Van Cleave, III (Van Cleave) preventing a foreclosure by Home Savings of America, F.A. and David Abdalla (Savings). No findings of fact or conclusions of law are included in the record before us.

The issues before us are:

1) Whether the temporary injunction was improper because:

    a) Irreparable injury was not proved;

    b) Van Cleave has an adequate remedy at law;

    c) A likelihood of success was not proved;

    d) The damages to Savings outweighs the damage to Van Cleave; and

    e) Van Cleave failed to do equity in not tendering past due amounts or affirmatively demonstrate ability to pay the amounts due; and

2) Whether a bond of $25,000.00 amounts to abuse of discretion.

We affirm.

The issues involved in the granting of the temporary injunctions will be discussed jointly.

Where a temporary injunction is sought, the only question to be resolved is whether the plaintiff is entitled to a preservation of the status quo of the subject matter. Where a trial court bases its decision on conflicting evidence, no abuse of discretion is shown. In reviewing the decision of a trial court in such cases, the appellate court may not substitute its judgment for that of the trial judge, and is strictly limited to a determination of whether there has been a clear abuse of discretion. In going any further, the appellate court is venturing into an improper premature review of the case on its merits. Where no findings of facts or conclusions of law have been requested or filed, the trial court's judgment must be upheld on any legal theory supported by the record. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

Pertaining to the granted temporary injunction, the initial complaint is that Van Cleave failed to prove irreparable injury. We disagree.

The law recognizes that each and every piece of real estate is unique, and that this is certainly an element to be considered in deciding whether there has been irreparable damages. *Greater Houston Bank v. Conte*, 641 S.W.2d 407 (Tex.App.—Houston [14th Dist.] 1982, no writ). Other elements which may be considered in determining the question of irreparable damages are: 1) whether there may be a loss of substantial equity in the property; 2) whether the value of the property is substantially larger than the debt owed; and 3) whether valuable improvements have been made on the property sought to be foreclosed. *Trickey v. Gumm*, 632 S.W.2d 167 (Tex.App.—Waco 1982, no writ).

The case at bar deals with the foreclosure of a piece of real estate; 1) involving a piece of land worth $1,500,000.00 previously owned by Van Cleave and contributed to the project; 2) which is worth considerably more than the debt owed; 3) where valuable improvements have been made to the property; 4) involving the potential loss of substantial equity; and 5) involving the potential serious irreparable loss of credit rating to Van Cleave which not only could permanently damage them as a development company, but will specifically damage the entirety of the larger development involved. The record contains ample evidence for the trial judge to find irreparable damage. The cases of *Cox v. Guaranty National Bank*, 565 S.W.2d 565 (Tex.App.—Corpus Christi 1978, no writ) and *Ginther-Davis Center, Ltd. v. Houston National Bank*, 600 S.W.2d 856 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) relied upon by Savings are not applicable in that they merely hold the facts therein justified the trial court's ruling denying the injunction.

The next contention is that Van Cleave has an adequate remedy at law. The elements listed in the discussion of the initial complaint are also pertinent to justify the trial court's finding of no adequate remedy at law. The potential loss of credit rating, reputation, and the entire development along with the other elements suffice to

hold the trial court did not abuse its discretion. The contention is rejected.

Savings next complains that Van Cleave failed in their burden of proving a probability of recovery on the merits.

In a temporary injunction, "the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation." *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953); *Persyn v. Ishihara*, 608 S.W.2d 279 (Tex.App.—San Antonio 1980, no writ). Since the standard is abuse of discretion, the testimony must be viewed in the light most favorable to Van Cleave. *Persyn v. Ishihara*, 608 S.W.2d 279.

The testimony viewed in the light most favorable to Van Cleave disclosed a series of breached agreements by Savings to reinstate the loan which resulted in making it impossible for Van Cleave to salvage the loan through a completed arrangement to transfer the property into a limited partnership. The testimony was not without conflict. However, a decision of the trial judge based on conflicting evidence does not establish abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859. The record contains evidence of "a probable right" and a probability of recovery. No abuse of discretion has been shown.

The next contention is that the damage to Savings far outweighs any alleged injury to Van Cleave. The trial judge, who is the sole judge of the credibility of the witnesses and the weight to be given their testimony apparently disagreed. We also disagree.

Our previous discussion set out that the record contains evidence of "a probable right and a probable injury," and if believed, would justify the necessity of preserving the status quo pending a trial on the merits. The determination of whether the damage to Savings outweighed the damage to Van Cleave was properly within the province of the trial judge. The record reveals nothing which would justify this Court disturbing that decision.

In its final complaint as to the temporary injunction, Savings contends the court unequitably failed to require Van Cleave to tender past due amounts and demonstrate an ability to pay.

As authority, Savings relies on *Ginther-Davis Center v. Houston National Bank*, 600 S.W.2d 856 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) and *Grella v. Berry*, 647 S.W.2d 15 (Tex.Civ.App.—Houston [1st Dist.] 1982, no writ). *Ginther*, involves a valid executed reinstatement and extension agreement by the parties; however, in the case before us, the complaint is for repeated refusals to execute a reinstatement agreement after agreeing to do so. *Grella*, involves a suit where the plaintiff alleged they could pay the full amount of the note, and the court held that *under those circumstances*, the plaintiff must affirmatively demonstrate their ability to pay the full amount of the note. However, Van Cleave contends that the action of Savings in repeatedly breaching their agreement to reinstate the note was the cause of Van Cleave's making useless large payments and eventually being unable to salvage the loan. These cases are not controlling.

Savings also cites *Justice Mortgage Investors v. C.B. Thompson Construction Company*, 533 S.W.2d 939 (Tex.App.—Amarillo 1976, writ ref'd n.r.e.) and *Voss v. Clark*, 671 S.W.2d 580 (Tex.App.—Beaumont 1984, no writ). *Justice*, unlike the case at bar, involves allegations which do not attack the debt, the foreclosure, and do not allege fraudulent efforts which damaged the plaintiff's ability to pay. *Voss* involves an erroneously granted injunction which in fact upset the status quo of the property, which is not the case before us. These cases also are not controlling.

In this case, the trial court invoked its equitable powers apparently by finding that the inequitable actions of Savings entitled Van Cleave to a preservation of the status quo of the subject matter. If the trial court's actions were justified, the equitable arguments of Savings would have little effect in view of the unclean hands doctrine. Having already determined the

record fails to disclose an abuse of discretion, this equitable argument of Savings is rejected.

■ In the final complaint, Savings contends the $25,000.00 bond is insufficient as a matter of law.

The trial court determined that a probable right and probable injury had been established which required the preservation of the status quo of the property in question. Invoking its equitable powers, the trial court ordered the temporary injunction; that all rental be paid directly to Savings minus all necessary and reasonable operating expenses; that a detailed accounting of all rentals and expenses be furnished to Savings; that Van Cleave operate, maintain and manage the property properly; that the cause be set for trial on the merits for the 15th day of October, 1986; and that a bond of $25,000.00 be set. The court therefore felt that the amount of the bond under the circumstances, which would have normally resulted in a trial on the merits in October 1986, would be reasonable.

The record is silent as to why this cause was not tried on October 1986; however, since the case was set by the court, it is reasonable to assume that if Savings was as injured by the injunction as they contend, strenuous efforts to have heard the case on the merits in October would be evident in the record. The lack of diligence by Savings in disposing of the case on the merits at an earlier time, casts doubt upon their argument that the damages they are suffering as a result of the injunction require a higher bond. We find no abuse of discretion. The judgment is affirmed.