**SOUTHWESTERN SAVINGS & LOAN ASSOCIATION, Appellant,**

v.

**MULLANEY CONSTRUCTION COMPANY, INC., Appellee.**

No. 08–88–00343–CV.

Court of Appeals of Texas, El Paso.

May 10, 1989.

**206**

Carl H. Green, Steven L. Hughes, Grambling & Mounce, El Paso, for appellant.

L. Randall Lee, Richard, Lee, Rowley, Cobb & Hall, El Paso, for appellee.

Before WOODARD, FULLER and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from the granting of a temporary injunction. The Plaintiff, a house builder/developer, alleges lender fraud in that the Defendant bank had knowingly misrepresented to the builder that it would provide financing for the completion of the development of a certain subdivision and that the builder relied upon this to his detriment. It successfully requested the trial court to enjoin the bank from proceeding with foreclosure on the properties of the subdivision it held mortgages on, or interfering with the builder's efforts to sell those properties. We reverse and render.

■ Points of Error Nos. One and Two contend the trial court abused its discretion in granting the temporary injunction as there was no evidence, or insufficient evidence, to support the builder's right of recovery on the merits in the trial of the matter and his claim of no adequate remedy of law. Review of an order granting or denying a temporary injunction is strictly limited to a determination of whether the trial court clearly abused its discretion. It will not be assumed that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits. An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence. There must be probative evidence of a probable right to recovery by the builder. The appellate court may not substitute its judgment for that of the trial court. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). In that case, as in this one, no findings of fact or conclusions of law were filed, and the trial court's judgment must be upheld on any legal theory supported by the evidence.

The builder testified that he changed from the services of another financial institution to Southwestern because of its oral representation that it would subsidize the development of the subdivision. The renewal and extensions of promissory notes, which were secured by deed of trust liens, were to continue as long as sales contracts were timely procured from individual house buyers. The builder stated the bank violated this agreement and attempted to foreclose on the property. The builder's allegations are based upon fraud that emanates from a contract between the parties. This has been coined by some authors to be a "contort." The contract of the "contort" must be valid for the fraud to subsist. Texas law prefers to validate transactions rather than void them. A court will not create a contract where the parties have not made one. At the same time, parties may agree on some terms sufficient to support a contract, leaving others for a later day; failure to reach agreement on a second set of provisions will not vitiate the existing terms. Under certain circumstances, a court may even uphold an agreement by supplying a missing term. An agreement can be sufficiently definite for one remedy, but not for another. Typically the cases say that less certainty is needed in a suit for damages than for specific performance. *MBank Abilene, N.A. v. LeMaire and Patton* (Tex.App.—Houston [14th Dist.], No. C14–86–00834–CV, April 6, 1989).

■ Principles of equity govern all forms of injunctive relief. The absence of an adequate remedy of law is essential. *C.H. Leavell and Company v. Leavell Company,* 570 S.W.2d 404 (Tex.Civ.App.—

El Paso 1978, no writ). The builder contends that without the injunction, it would irreparably suffer loss of profits from the unsold lots, and its business would temporarily be suspended. It further states that Mr. Mullaney made oral representations to purchasers of subdivision lots that a certain quality of houses and lots would be maintained, and that the corporation would endure future liability for any default.

The builder relies on *Home Savings of America, F.A. v. Van Cleave Development Company, Inc.*, 737 S.W.2d 58 (Tex.Civ. App.—San Antonio 1987) and *Guardian Savings and Loan Association v. Williams*, 731 S.W.2d 107 (Tex.Civ.App.— Houston [1st Dist.] 1987) which extoll the premise that the uniqueness of real estate inherently satisfies the requirement of inadequate remedy of law, and entitles the equitable remedy of injunction to prevent a foreclosure. In tracing the embryonic authority cited in these holdings, we find *E.I. DuPont de Nemours and Co. v. Zale Corporation*, 462 S.W.2d 355 (Tex.Civ.App.— Dallas 1970, writ ref'd n.r.e.). That case held that the uniqueness of real estate makes it subject to the equitable remedy of specific performance of contract. The fact that real estate may be treated a particular way in one equitable remedy does not mean that this status will be universally applied to all equitable remedies. In this case we are not directly concerned with the remedy of specific performance. It could never be awarded, as the contract of the "contort" left open the interest rates and terms of payment of the promised loan for future negotiations. This in itself diminishes the importance of maintaining the status quo. Matters involving the foreclosure of real estate generally concern remedies of law. Equity can intervene, but only where there is an inadequate remedy of law established by the evidence, and the mere fact that the subject matter is real estate does not satisfy this requirement.

Principles of equity require the balancing of equities. The builder's temporary interruption of business and its loss of profits can be adequately addressed by remedies of law. Any possible liability to the corporation for oral representations made by Mr.

Mullaney to those people who had purchased lots are too speculative and remote to warrant injunctive relief. Viewing the bank's position, we see a lien creditor whose security is being jeopardized by the placement of tax liens, and possible claims of mechanic and materialmen's liens made prior to renegotiated extensions of notes. Although a temporary injunction requires a final trial date, that date is susceptible to continuances. We have then an insecure secured creditor who is unable to enforce his lien for an indefinite period of time. There is no probative evidence that the bank interfered with the builder's effort to dispose of the property other than its commencement of foreclosure proceedings.

We find the trial court's decision in granting the injunction is an abuse of discretion, as the Plaintiff has adequate remedies of law. Point of Error No. Two is sustained. The temporary injunction is hereby dissolved.