**In re Homer STARK.**

No. 09–03–229–CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 16, 2003.

Decided Jan. 22, 2004.

---

636

Robert E. Garner, Garner, Stein & Dean, LLP, Amarillo, Jerry Kacal, J.J. Hardig, Jr., Dunn, Kacal, Adams Pappas & Law, PC, Houston, for relator.

Kurt M. Andreason, Elizabeth C. Turley, Mehaffy Weber, PC, Beaumont, John Cash Smith, Bush, Lewis & Roebuck, Orange, for real parties in interest.

Before McKEITHEN, C.J., BURGESS and HILL, JJ.

## OPINION

JOHN HILL,[*] Justice (Assigned).

Homer Stark presents his petition for writ of mandamus, requesting that we direct the district court to vacate its order for transfer and consolidation of relator's district court claims with the administration of the estate of Nelda Stark in the County Court at Law of Orange County and that we direct the county court at law to vacate its order of acceptance. He contends the district court abused its discretion in granting the order for transfer and consolidation because the county court at law does not have jurisdiction to impose a constructive trust as he has requested and because the county court at law does not have jurisdiction over proceedings involving a charitable trust such as the charitable foundation that is a party to his district court claim. We deny the writ.

Mandamus will only issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy on appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). The trial court abuses its discretion when it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Id.* at 840. An appeal will not be an adequate remedy if the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's erroneous ruling. *Id.* at 843.

Homer Stark is the son of Lutcher Stark and Nita Hill Stark, Lutcher's first wife. Homer alleges that he and his brother, Bill Stark, were the primary beneficiaries under Nita Hill Stark's will. According to Homer, Lutcher was the sole executor of Nita's estate. After Nita died, Lutcher married Ruby Childers, who died shortly thereafter. When she died, Homer married Nelda Childers, Ruby's sister. In the underlying lawsuit, Homer alleges that through the years after Nita's death, Lutcher, Nelda, and the real parties in interest conspired and worked in concert to defraud and deprive him of his rightful inheritance and other assets and properties. Nelda has since died. Prior to her death, she and Lutcher established the Nelda C. and H.J. Lutcher Stark Foundation, a charitable trust. The real parties in interest are Nelda's estate, the Foundation, the co-independent executors of Nelda's estate, and the officers and trustees of the Foundation.

---

[*] The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1998).

The estate of Nelda Stark is currently pending in the County Court at Law of Orange County. Homer intervened in that cause in 2001. He subsequently dismissed that intervention, without prejudice to asserting his claims again either in the County Court at Law of Orange County or another court.

Homer subsequently brought the underlying cause in the 128th District Court of Orange County. He complains of the estate, the Foundation, and several individuals, individually, and as co-independent executors of Nelda's estate, trustees or other officers of the Foundation, or both. He alleges breach of fiduciary duty, fraud, conspiracy, wrongful removal from the board of the Foundation, promissory estoppel—fraud, and the cancellation of a release that he entered into with respect to prior litigation. In connection with these actions, Homer sought actual and exemplary damages, an accounting of documents withheld in the prior litigation, cancellation of the release he executed in connection with the prior litigation, a constructive trust upon all assets he should have inherited that are part of the estate or are part of the Stark Foundation, and interest and attorney's fees.

The real parties in interest filed a motion to dismiss Homer's cause for lack of subject matter jurisdiction and, alternatively, a motion for transfer and consolidation. They contended in the motion that Homer's claims are incident to the administration of Nelda Stark's estate and therefore may only properly be adjudicated in the county court at law. They also contended that the county court at law has dominant jurisdiction over Homer's litigation because of his initial filing of the claim in the county court at law. Consequently, they sought dismissal of Homer's claim or its transfer to the county court at law and consolidation with his intervention that

was still pending at the time of the filing of their motion.

Homer opposed the motion of the real parties in interest, contending that the district court was the only court with the jurisdiction to adjudicate all of his claims against all of the necessary parties. He urged that his claims against the trustees and representatives of the Stark Foundation might only be brought in the district court. He also contends they were not claims incident to the estate of Nelda Stark. Homer contended that the district court had concurrent jurisdiction with the county court at law over those of his claims that implicate Nelda Stark's estate. He also contended the county court at law would not have jurisdiction to impose a constructive trust. He insisted he had standing to bring his claims and that judicial efficiency and economy required the entirety of his claims remain in district court.

After the district court granted the motion of the real parties in interest to transfer and consolidate his claims, Homer brought this mandamus action. He contends that his claims constitute claims against the Stark Foundation, through its representatives, and claims against the Estate of Nelda Stark, through its representatives. As to his claims against the Stark Foundation, Homer urges that he is required to bring all such claims in district court because only district courts have jurisdiction over charitable trusts. He asserts that the district court has concurrent jurisdiction over his claims that implicate Nelda Stark's estate, but exclusive jurisdiction over his claim for constructive trust. He therefore urges that the district court abused its discretion when it transferred his claims to the county court at law because the county court at law did not have jurisdiction over his claim for a constructive trust and that the district court

did not, in any event, have any authority to transfer a case to a county court at law.

We first address Homer's claim that under no circumstances does a district court have the authority to transfer a case to a statutory county court. District and statutory county court judges in each county of this state may adopt local rules of administration that provide for the transfer of all cases, subject to jurisdictional limitations of those courts. TEX. GOV'T CODE ANN. § 74.093(a) and (b)(1) (Vernon 1998). Accordingly, the rules shall not allow the transfer of cases from one court to another unless the cases are within the jurisdiction of the court to which it is transferred. TEX. GOV'T CODE ANN. § 74.093(d) (Vernon 1998). It is apparent from these provisions that a district court, where authorized by such a rule, may transfer a case to a statutory county court such as the County Court at Law of Orange County when that court has jurisdiction over the subject matter. Homer argues the district court may not make such a transfer, on the basis that TEX. GOV'T CODE ANN. § 74.121 (Vernon 1998) provides statutory county court judges may transfer cases to the docket of the district court where the district judge consents and it is within the district court's jurisdiction, but does not provide for such transfers from the district court to the statutory county court. We see no conflict between this statute and section 74.093, which authorizes transfers between the district and statutory county courts of a county when authorized by local rules.

The Civil Trial Rules of the Courts of Orange County, Texas, provide that whenever any pending case is so related to another case pending in or dismissed by another court that a transfer of the case to another court would facilitate orderly and efficient disposition of the litigation, the judge may, upon motion and notice, including his or her own motion, transfer the case to the court in which the earlier case was filed. ORANGE (TEX.) CIV. DIST. CT. LOC. R. 1.15. The rules then give examples of cases that may be transferred. These include: (1) any case arising out of the same transaction or occurrence as did an earlier case, particularly if the earlier case was dismissed for want of prosecution or voluntarily dismissed by the plaintiff at any time before final judgment; and (2) any case involving one or more of the same parties in an earlier case and requiring a determination of any of the same questions of fact or law as those involved in the earlier case. Earlier, Homer brought an intervention in the pending proceeding in the county court at law involving the estate of Nelda Stark, with her estate, by and through its independent co-executors, as defendant. We conclude, based upon this fact and based upon the rules we have noted, that the district court had authority to transfer Homer's claim to the county court at law if that court had jurisdiction over Homer's claim.

Homer has claims against the estate of Nelda Stark and its co-executors and against the Nelda C. and H.J. Lutcher Stark Foundation and its officers and trustees. We will first consider the claims against the Nelda Stark estate and its co-executors. As to these claims, Homer concedes that the county court at law has concurrent jurisdiction with the district court, but asserts that only the district court can hear his claim for the imposition of a constructive trust because county courts at law do not have jurisdiction to impose a constructive trust.

County courts at law have dominant jurisdiction over an estate and matters incident to the estate when the estate is filed in that court. *Green v. Watson*, 860 S.W.2d 238, 243 (Tex.App.-Austin 1993, no pet.). County courts at law do not have

jurisdiction to impose a constructive trust. *Id.* at 244. However, the mere request for a constructive trust will not necessarily oust the dominant jurisdiction of a statutory county court sitting in probate. *Id.* at 244. A district court properly declines to exercise its jurisdiction over matters incident to an estate when, although a constructive trust is requested, the statutory county court has the power to afford adequate relief. *Id.*

Homer seeks to obtain a constructive trust upon all of the property to which he asserts he is entitled, including a ranch and funds for its maintenance. As of October 31, 2002, the estate had assets with a fair market value of over $192 million dollars, as well as the ranch sought by Homer. This being the case, it would seem that the county court at law could adequately compensate Homer for any loss that he may have suffered.

Homer does not dispute that even if the trial court could not award him the ranch he could be awarded monetary damages, but asserts that is not an adequate remedy because the ranch and the other assets he seeks have been part of his family for generations and have value that cannot be calculated in dollars. Our examination reveals that the record of the hearing on the motion to transfer does not contain any testimony by Homer or others indicating that such properties have a monetary value that cannot be reasonably ascertained or have such a sentimental value to Homer that monetary damages would not adequately compensate him for their loss. Absent such a showing, it was not unreasonable for the trial court to conclude that Homer would have an adequate remedy for those claims in the county court at law. We hold that the trial court did not abuse its discretion in transferring Homer's claims against Nelda's estate and its co-

executors to the County Court at Law of Orange County.

Homer relies upon the case of *Gaynier v. Ginsberg,* 763 S.W.2d 461 (Tex.App.-Dallas 1988, no writ). We find that case to be distinguishable. In *Gaynier,* the plaintiff sought the removal of a trustee and the imposition of a constructive trust. *Id.* at 463. The district court dismissed the plaintiff's claim for lack of jurisdiction. *Id.* at 462. The court held the district court erred by dismissing the plaintiff's claim for lack of jurisdiction because the district court had exclusive jurisdiction to remove a trustee and because the imposition of a constructive trust was also within its jurisdiction. *Id.* at 463. The court concluded that it was error for the district court to dismiss for lack of jurisdiction where the pleadings show that the jurisdiction of the probate court is inadequate to grant the relief sought. *Id.* Unlike *Gaynier,* in the case at bar Homer makes no claim for which the county court at law is without jurisdiction to grant adequate relief.

 The dissent argues that because real estate is unique, Homer was not required to present any evidence of its uniqueness. We agree with the dissent, on the basis of the authorities cited therein, that every piece of real estate is unique and that its uniqueness may, in an injunction case, constitute some evidence of an irreparable injury. We also agree with the dissent that Homer was not required to present evidence of the real property's uniqueness in order to show that it is unique. However, we do not agree with the dissent that the trial court abused its discretion by transferring this case to the county court at law where the evidence did not show how the uniqueness of the real estate prevented the county court at law from affording Homer adequate relief.

The dissent relies in part upon the Texas Supreme Court case of *Butnaru v. Ford*

*Motor Co.*, 84 S.W.3d 198 (Tex.2002). In that case the court upheld an injunction barring Ford from exercising a right of first refusal to purchase real property that Butnaru was seeking to acquire. *Id.* at 210. Butnaru produced evidence showing why, in the absence of the temporary injunction, he would have an inadequate remedy, by showing that he was seeking to acquire an automobile dealership located on valuable land in a specific location. *Id.* at 211. In the case at bar, there was no evidence as to why the uniqueness of the land would prevent the county court at law from affording Homer an adequate remedy. We therefore find that *Butnaru* is distinguishable and that it is not inconsistent with our opinion. The cases of *Home Sav. of Am., F.A. v. Van Cleave Dev. Co., Inc.*, 737 S.W.2d 58 (Tex.App.-San Antonio 1987, no writ), and *Metropolitan Life Ins. Co. v. La Mansion Hotels & Resorts, Ltd.*, 762 S.W.2d 646 (Tex.App.-San Antonio 1988, writ dism'd), both cited by the dissent, are also distinguishable and not inconsistent with this opinion because in those cases there was evidence other than the fact that real estate was involved showing why foreclosure of a real estate lien, if not enjoined, would result in irreparable injury. *Home Sav. of Am.*, 737 S.W.2d at 59; *Metropolitan Life*, 762 S.W.2d at 652.

Two of the cases cited by the dissent, *Amerada Hess Corp. v. Garza*, 973 S.W.2d 667 (Tex.App.-Corpus Christi 1996, writ dism'd w.o.j.) and *Boatman v. Lites*, 970 S.W.2d 41 (Tex.App.-Tyler 1998, no pet.), appear to have been included merely because of their repetition of the doctrine that real estate is unique. As noted, we do not find that the innate uniqueness of real estate is inconsistent with our opinion.

In *Greater Houston Bank v. Conte*, 641 S.W.2d 407, 410 (Tex.App.-Houston [14th Dist.] 1982, no writ), the court held that the trial court did not abuse its discretion

in enjoining the foreclosure of a lien on real estate because those who sought the injunction would have been irreparably harmed in the absence of the injunction because of the uniqueness of real estate. We find that *Greater Houston* is distinguishable because, in the first place, we do not know what evidence, if any, other than the fact that real estate was involved, was presented to the trial court because there is no other evidence discussed. Even if no other evidence was presented, we find the case to be distinguishable because that case did not involve a trial court finding adequate relief or the lack of irreparable injury in the absence of evidence showing why the uniqueness of the real estate involved precluded the county court at law from affording adequate relief. To the extent that *Greater Houston* is authority that the trial court abuses its discretion in finding that monetary damages afford adequate relief for the loss of real estate when there is no evidence showing why the uniqueness of the property is such that it does not, we decline to follow it. Real estate is unique and so are the reasons for purchasing and owning it. We think it is reasonable to conclude that under some circumstances monetary damages afford adequate relief for the loss of real estate and under some circumstances it does not. There is no evidence in the record of the transfer hearing indicating that this case is one in which monetary damages do not afford adequate relief.

 Homer also contends that the county court at law does not have jurisdiction over his claims against the Foundation and its officers and trustees because the Foundation is a charitable trust and only district courts have jurisdiction over all proceedings concerning trusts. He relies upon section 115.001(a) of the Texas Property Code, which provides that, with exceptions not applicable here, a district

court has exclusive jurisdiction over all proceedings concerning trusts. TEX. PROP. CODE ANN. § 115.001(a) (Vernon Supp. 2004). However, we are persuaded that the tort claims presented by Homer with respect to the Foundation and its officers and trustees are not proceedings concerning trusts within the meaning of section 115.001 because they are of a totally different character than those enumerated in that section. All of those enumerated involve actions relating to the trust itself or the operation thereof. None involves anything remotely resembling a tort action. Even if the enumeration of proceedings concerning trusts is not an exclusive one, we hold that the enumeration is indicative of the general nature of proceedings that are meant to be included. *See In re Nationsbank,* No. 01–98–00582–CV, 1999 WL 213100, at *3–4, 1999 Tex.App. LEXIS 2739 at *13–14 (Tex.App.-Houston [1st Dist.] April 14, 1999) (orig. proceeding) (not designated for publication). While *Nationsbank* has no precedential value because it is an unpublished opinion, we reach our conclusion based upon the same reasoning followed by the court in that case.

Homer also relies upon former TEX. PROB.CODE ANN. § 5A(c) and (e) (Vernon 2003 & Supp.2004)[1] which provides a statutory probate court and a district court have concurrent jurisdiction with the district court in all actions involving a charitable trust, whether or not the matter is appertaining to or incident to an estate. We interpret "all actions involving a charitable trust" in 5A(c) as not including tort claims such as those brought by Homer just as the phrase "all proceedings concerning trusts" in section 115.001 does not

include such claims. We conclude the county court at law has jurisdiction to hear Homer's claim concerning the Foundation and its officers and trustees. Because the County Court at Law of Orange County has jurisdiction to hear Homer's claims regarding the Foundation and its officers and trustees, Homer has failed to establish the trial court abused its discretion in transferring those claims to the County Court at Law of Orange County. Homer urges that judicial economy would require all of his claims be heard in the same court, but in view of our determination the county court at law has jurisdiction to hear all of his claims, this doctrine does not establish the trial court abused its discretion in transferring them to that court.

We deny the writ. Costs of this proceeding are charged to Homer Stark.

WRIT DENIED.

DON BURGESS, Justice, dissenting.

I respectfully dissent. The majority holds the District Court did not abuse its discretion in transferring Homer Stark's case to the County Court at Law. I disagree. One of the remedies sought by Mr. Stark was the imposition of a constructive trust on all the assets he alleges he should have inherited, including the Roslyn Ranch. The majority faults Mr. Stark for not presenting testimony that the Roslyn Ranch had such a sentimental value that monetary damages would not compensate him for its loss. In the first place, no testimony was presented by either side, the hearing was simply argument by the attorneys. Next, Mr. Stark plead for the constructive trust and that was sufficient. *See Gaynier v. Ginsberg,* 763 S.W.2d 461,

1. Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 5, 1993 Tex. Gen. Laws 4081, 4161, *amended by* Act of April 26, 1999, 76th Leg., R.S., ch. 64, § 1, Tex. Gen. Laws 422, *repealed by* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 16, 2003 Tex. Gen. Laws 3052, 3057.

463 (Tex.App.-Dallas 1988, writ ref'd n.r.e.) which stated:

> We hold that where it appeared from the pleadings that the suit involved issues for which the jurisdiction of the probate court was inadequate to grant the relief sought, the district court should have continued to exercise its jurisdiction. *Griggs v. Brewster*, 122 Tex. 588, 62 S.W.2d 980, 985 (1933).

And last, it is well-established law that each and every piece of real estate is unique, *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 209 (Tex.2002) (citing *Home Sav. of Am., F.A. v. Van Cleave Dev. Co.*, 737 S.W.2d 58, 59 (Tex.App.-San Antonio 1987, no writ)) "(noting that 'each and every piece of real estate is unique' and that 'is certainly an element to be considered in deciding whether there [will be] irreparable damages')." *See also Amerada Hess Corp. v. Garza*, 973 S.W.2d 667, 678 (Tex.App.-Corpus Christi 1996, writ dism'd w.o.j.); *Boatman v. Lites*, 970 S.W.2d 41, 46 (Tex.App.-Tyler 1998, no pet.); *Greater Houston Bank v. Conte*, 641 S.W.2d 407, 410 (Tex.App.-Houston [14th Dist.] 1982, no writ); *Metropolitan Life Ins. Co. v. La Mansion Hotels & Resorts, Ltd.*, 762 S.W.2d 646, 652 (Tex.App.-San Antonio 1988, writ dism'd), therefore Mr. Stark was not required to present testimony of its uniqueness.

I would grant the mandamus and direct the District Judge to withdraw the transfer order.