# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2013

Lyle W. Cayce
Clerk

No.  12-10307

WATER DYNAMICS, LIMITED;
A.C.A.R. INDUSTRIES, L.L.C.;
RALPH TORREZ, JR.;
ANITA T. TORREZ;
LEONA ESQUIBEL GRIJALVA,

         Plaintiffs - Appellants

v.

HSBC BANK USA, NATIONAL ASSOCIATION,
As Successor Trustee to Bank of America, N.A.,
Successor by Merger to Lasalle Bank National Association,
as the Same May Be Amended from Time to Time,
for the Benefit of the SBA and the Holders of the
Business Loan Express SBA Loan-Backed Notes, Series 20,

         Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-614

Before DAVIS, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10307

The court has carefully considered this appeal in light of the briefs and pertinent portions of the record. Appellants here challenge the district court's Rule 12(b)(6) dismissal of their claims against a lender, HSBC Bank USA, which foreclosed on a car wash property and is attempting to foreclose on one of the guarantors' homes put up as collateral. We review the dismissal *de novo*, taking the facts in the light most favorable to the plaintiffs. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Finding no reversible error of fact or law, we affirm essentially for the reasons stated in the district court's thorough opinion, and here need only summarize the essential failings of the Appellants' position.

## 1. Wrongful Foreclosure Claim

Appellants had to allege a defect in the foreclosure proceedings; a grossly inadequate foreclosure sale price for the car wash property; and a causal connection between the defect and the inadequate price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008). The defect they allege is that the offering of their property at auction was not announced, preventing their third party purchaser from coming forward to buy the property and pay off their loan. Assuming the truth of this allegation, Appellants still have failed to allege that the ultimate sale price was grossly inadequate. Texas cases establish that a foreclosure price exceeding 50% is not grossly inadequate. *See Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.—Amarillo 2007); *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App.—Dallas 1932). The sale price here was about 52% of Appellants' proffered value. This court is *Erie*-bound to follow uniform Texas law.

2

No. 12-10307

### 2. Breach of Contract Claim

Appellants allege breach of their contractual arrangements by the lender's above-noted conduct at the foreclosure auction, by its failure to observe an oral modification of the payment terms, and by its not providing a payoff statement when they requested one, as required by Texas Business & Commerce Code § 9.210. Two unassailable defenses plague this claim. First, Appellants never acknowledge that Water Dynamics' initial (and never cured) contract breach provoked their problems, and a party in default cannot assert a claim for breach against the other party. *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). Second, their alleged oral modifications of various agreements are unenforceable, contrary to the Texas statute of frauds, TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) & (b) (West 2012), and cannot form the basis of contract breach claims.

### 3. Waiver Claim

Waiver is the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *G.H. Bass & Co. v. Dalsan Props.—Abilene*, 885 S.W.2d 572, 577 (Tex. App.—Dallas 1994) (citing *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987)). Intent is the key to waiver. *Id.* Appellants' "waiver" claims, as argued in their appellate brief, are simply reformulated contract breach claims: (1) the oral indication that lesser monthly payments would be accepted by the lender; (2) failing to provide a payoff statement when requested; and (3) failing to foreclose on the property properly. Allegations of "inconsistent and inequitable conduct" that allegedly violated the note, deed of trust, and oral modification, do not suffice to show an intentional waiver by the lender, especially in the face of the deed of trust's anti-waiver provision. The cases cited by Appellants are fully

No. 12-10307

distinguishable, not least because of the absence of such a provision. Moreover, in *Longview Sav. & Loan Ass'n v. Nabours*, 673 S.W.2d 357 (Tex. App.—Texarkana 1984), *aff'd on other grounds*, 700 S.W.2d 901 (Tex. 1985), there was a pattern of companywide routine non-enforcement of notices. In *Trickey v. Gumm*, 632 S.W.2d 167 (Tex. App.—Waco 1982), the lender accepted a past due interest payment after sending a notice of default and apparently represented that the interest payment would prevent any acceleration.

### 4. Anticipatory Repudiation Claim

Anticipatory breach requires Appellants to plead that the defendant absolutely repudiated the contract; lacked just excuse for the repudiation; and damaged them. *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004). In lieu of repudiation, they allege no more in their appellate brief than the same deed of trust breaches already discussed. There is no legal basis to collapse these two claims, nor is there any basis to infer from the lender's conduct a positive and unequivocal repudiation of the contract. In addition, this claim cannot excuse the consequences of Appellants' prior breach.

### 5. Unreasonable Collection Efforts Claim

Appellants' allegations may demonstrate a failure to communicate between themselves and the lender, but they fall far short of satisfying the current Texas standard requiring "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See, e.g.*, *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008) (quoting *Montgomery Ward & Co. v. Brewer*, 416 S.W.2d 837, 844 (Tex. Civ. App.—Waco 1967)). This is the standard for claims of unreasonable collection efforts. Appellants' brief fails to mention it, but this standard was cited with approval in a case in which their counsel participated,

4

No.  12-10307

*De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204–05 (5th Cir. 2012).  Although we are not bound by unpublished Fifth Circuit opinions issued on or after January 1, 1996, we endeavor to apply our case law consistently.  Appellants have shown no reason to deviate from this standard.

The district court's judgment is **AFFIRMED**.