WEIERHAUSER v. BENNETT et ux.
(No. 8224.)

Court of Civil Appeals of Texas. San Antonio.
May 22, 1929.

Rehearing Granted July 17, 1929.

Hertzberg & Kercheville and Marion R. McClanahan, all of San Antonio, for appellant.

Hill Grover, of San Antonio, for appellees.

SMITH, J. H. J. Weierhauser held a note for $3,300, executed and delivered by Henry Bennett: the note being payable in monthly installments of $35 each. The note was secured by a mechanic's and materialman's lien upon certain lots in the city of San Antonio, belonging to Bennett. The burden of meeting the installments promptly when due proved too heavy for Bennett, and, in order to enable him to handle the transaction and pay the installments promptly as they matured, he conveyed some of the lots to Weierhauser and thereby reduced the debt to $1,150, which was evidenced by a substituted note, to be paid monthly in installments of $12.50. It was provided in the note that the holder have the option of declaring all the installments due and payable in the event Bennett defaulted in the payment of any one of them at its maturity. It was also provided in the deed of trust to secure the payment of the note that, "in the event of default to pay the said note, or any part thereof, or interest thereon, or any part thereof, according to the tenor and effect thereof, when the same or any part thereof shall become due or shall be declared due * * * or to keep said improvements insured in both a responsible fire and tornado insurance company or companies, to be approved by the holder of said note, the fire insurance to be in an amount equal to the unpaid portion of the aforesaid note, and the tornado insurance to be in the sum of one-half (½) of said amount, and to deliver the policies for such insurance to the holder of said note, the loss to be payable to him as his interests may appear * * * the then legal holder or holders of said note, shall have the option to at once mature the entire amount remaining unpaid on said principal note."

It was provided in the new note, which was dated March 31, 1928, that the first installment thereof was due and payable on April 1, 1928, but, because the transaction was not fully consummated and the papers passed until April 9, the first installment was not paid until that date. The installment due May 1 was not paid until May 2, while that due on June 1 has never been paid, nor have any of those subsequently maturing been paid, nor

did Bennett meet the requirements protecting the mortgaged property against fire and tornado. On June 7, 1928, Weierhauser brought suit upon a declaration maturing the whole obligation and to recover the amount of the debt and foreclose the lien, asserting the failure of the debtor to pay the June installment at its maturity, and to insure the property against fire and tornado. Weierhauser also sequestrated, replevied, and took possession of the property. Upon a trial, judgment was rendered against Weierhauser, denying recovery to him for any purpose, and restoring the property to Bennett, with damages for rentals. Weierhauser has appealed. If the record justifies him in exercising his option to mature the whole of Bennett's obligation to him, then he was entitled to judgment in accordance with his prayer therefor, and in any event he was undoubtedly entitled to recover the installments which had accrued at the time of judgment.

[redacted] The record shows that appellee was derelict in promptly meeting his obligation to appellant, throughout the whole period of their relation of debtor and creditor, beginning in 1925; he paid but few of the installments promptly or in full under the original obligation. Instead of foreclosing, as he was fully justified in doing, appellant agreed with appellee to readjust their contract, to take part of the mortgaged premises as part payment of the debt, which was divided into monthly installments reduced in amount to enable appellee to promptly pay them as they matured, which he had not previously done. Under this rearrangement, however, appellee began at once a course of dilly-dallying, asking appellant for indulgences relieving him from promptly meeting the installments at their maturity. He was excused by the circumstances from paying the first installment on its due date; the rearrangement of the matter had not been fully consummated;, appellant could not legally demand earlier payment than was made, and by accepting the belated payment did not thereby waive his option to accelerate in case of future defaults. The second installment was due on May 1, was paid on May 2. Appellee had all of May 1 in which to pay, and appellant could not, and did not attempt to, exercise his option until May 2, on which payment was made, and, by accepting it on that date, appellant did not waive his right to exercise his option in event appellee defaulted in subsequent payments. Appellee did not pay the June 1 installment on that day, but asked, and testified he received, appellant's consent to the payment on June 4, "or at any time," which was not made then nor thereafter. On June 7 appellant brought the suit.

[redacted] Appellee insists that, by accepting the installments after they were due under the original contract, as well as the first two under the new contract, appellant waived his right to accelerate the payments upon failure to promptly pay the June 1 installment, and was estopped to exercise his option to accelerate. We hold that appellant's conduct under the original contract could not be held to operate as a waiver of his rights as fixed in the new contract, by which alone the rights of the parties thereto were fixed. We hold, further, that, by accepting the April 1 and May 1 installments after their due date, under the circumstances stated, appellant did not waive his option to accelerate in event of default in the prompt payment of the June 1 payment. But, accepting as true the testimony of appellee that appellant agreed to a postponement of the June 1 payment to an uncertain date, it is probably true, as the trial court found, that appellant waived his option to accelerate on account of appellee's default in the prompt payment of that installment. The testimony upon this issue was in sharp conflict, and we are without authority to disturb the presumed finding against appellant thereon.

But the obligations of appellee to take out and deliver to appellant insurance policies against fire and tornado, with appropriate loss payable clauses in favor of appellant, were just as binding upon appellee as was the payment of the installments. It appears that appellee did take out some sort of fire policy, but the provisions of it were not shown, and appellee refused, or at least failed, to deliver it to appellant, as he was obligated to do; and it is conceded that appellee made no effort to take out tornado insurance. Either of these defaults operated to empower appellant to accelerate; both defaults are conceded. Appellee did not plead waiver of or estoppel to assert this option, and no other defense thereto was available to him under the conceded facts.

The judgment is reversed, and the cause remanded.

On Motion for Rehearing.

[redacted] It being conceded that appellee wholly defaulted in his obligation to procure fire and tornado insurance policies against the destruction of the security for his debt to appellant, that by express provisions of the contract between the parties such default gave appellant the option to mature all of appellee's obligation, and that appellant elected to and did exercise this option, it follows as a matter of law that appellant was entitled to judgment for the amount of the debt, with foreclosure of his lien upon the property. In this situation it was the duty of the trial court to render such judgment, and that duty passes to this court.

Accordingly, appellant's motion for rehearing will be granted, the order remanding the cause will be set aside, and judgment is here rendered that appellant recover of appellee Henry Bennett the amount of the debt sued upon, including principal, interest, and attorney's fees, and against both appellees for

foreclosure of his lien upon the property in controversy. It is further ordered that the temporary injunction issued by the trial court against appellees be perpetuated in form and substance as originally issued below; that appellees recover nothing by reason of their cross-action against appellant, and pay all costs of the litigation.