**MUSSO et al. v. LODWICK et al.**

No. 14054.

Court of Civil Appeals of Texas. Dallas.

Jan. 14, 1949.

Rehearing Denied Feb. 11, 1949.

Lee T. Johnson, Jr., and Angelo Piranio, both of Dallas, for appellants.

Bowyer, Gray, Thomas, Crozier & Jaffe, of Dallas, for appellees.

CRAMER, Justice.

This is an appeal from an order granting a temporary injunction restraining appellants from foreclosing under a deed of trust or in any manner selling, transferring, conveying or interfering with a certain lot in University Park, Dallas County, Texas. Appellants had sold the lot to appellee, retaining the note and deed of trust sought to be foreclosed. It is undisputed that the appellee was late in payment of every monthly installment on the note from February 1, 1947, through the installment due May 1, 1948, when, with a check dated May 28, 1948, the installments were paid through June 1, 1948. At that time there was an offer by appellee to transfer to appellants, for $7,000 and cancellation of the note, her equity in the property. Her equity at that time was approximately $9,000. This offer was declined by appellant who at that time told her if she wanted to sell the property, to go ahead; that he would be glad to have her get her money out of it. She testified as to her conversation with appellant further at that time, as follows: "A. Being assured they were not interested in buying it back, I said, 'Now, there is a note that will come due on July 1st. Is it all right to let that

slide until we settle the whole thing at the title company?' Mr. Musso spoke up —I was speaking to Mrs. Musso at the time—Mr. Musso spoke up and said, 'Well, it would all have to be settled at the title company anyhow and would have to be clear, of course, before you could give title anyway.'" Appellee on July 29 sent a check for the July 1st payment, which she explained as follows: "A. Well, I realized that particular note was in arrears, regardless of any understanding, and the lady who was trying to buy my house was slow in being able to comply with her part, and I realized that it might even drag on another month, and so on the 29th I sent a check for the July payment, * * *." This check was returned to appellee. On August 30 appellee tendered a cashier's check for $275.40 for the July, August and September payments, which appellants refused. On September 9 the original trustee under the deed of trust resigned and appellants appointed a substitute trustee, and on September 10 appellants had notice of sale posted by the substitute trustee. This suit was filed October 2; thereafter the temporary injunction here appealed from was granted by the trial court.

Appellants assign error of the trial court in granting the temporary injunction (1) because the note was admittedly in default; (2) possession was not threatened by the foreclosure; (3) appellee had an adequate remedy at law; (4) that acceptance of past due payments in the past did not waive the right to declare the note due on new or future past due installments; (5) the amount tendered did not include interest on the past due installments as provided for in the note; and (6) that the injunction order did not define the injury nor contain an expiration date.

 Under ordinary circumstances acceptance of past due installments on a note waives only the option on the past default on such installments and does not waive the option to declare the balance due on the note for future defaults. Weierhauser v. Bennett, Tex.Civ.App., 19 S.W. 2d 572. But in this case the facts raise the issue of waiver of the right to exercise the option to accelerate, by the oral understanding that the future installments, pending the sale by appellee to a third person, could be settled at the closing of the sale in the Title Company office.

This evidence of the waiver of the right to acceleration justified the trial court in finding the property was wrongfully posted for sale by appellants' substitute trustee. As said by this Court in Diamond v. Hodges, Tex.Civ.App., 58 S.W.2d 187, 188, speaking through the then Associate Justice Bond: "An optional acceleration of maturity of a note can be waived ·by the acts and words of one who holds right of election, as was held by our Supreme Court in San Antonio Real-Estate Bldg. & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S.W. 386, .389, 86 Am.St.Rep. [861], 864, as follows: 'But, aside from this, while neither party by his separate action or nonaction could impair the rights of the other, each could waive his own rights as they accrued from the default in payment of an installment so as to estop him from relying upon such default. To accomplish this, it would only be necessary that each should so act as to justify the other in believing and acting upon the belief that the effect of the failure to pay an installment was to be disregarded, and that the contract should stand as if there had been no default. The principle of estoppel by waiver would, we think, have proper application in such a case.' In the case at bar, if appellant believed from the long and intimate association between him and W. H. Diamond, and from the acts and declarations of W. H. Diamond, it could be reasonably concluded that the option of acceleration of maturity of the note would not be exercised, then neither W. H. Diamond nor appellants could mature the whole of the indebtedness, exact the penalty of attorney's fee, and thereby sell the property to satisfy their demands, without giving the maker an opportunity to pay the principal and interest, and without the visitation of such penalty. This is a matter for a determination on the trial of the case, and the court below, in holding the matter in statu quo by a temporary injunction, exercised sound discretion."

We therefore overrule appellants' points of error, One to Five inclusive. Since the judgment is for temporary injunction, the rules relating to a temporary restraining order do not apply, and point Six is therefore overruled.

Judgment affirmed.