**GREATER HOUSTON BANK, et al., Appellants,**

v.

**Joseph P. CONTE, et al., Appellees.**

**No. C14–82–018CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 7, 1982.

Don M. Kennedy, Ladin & Engle, Houston, for appellants.

Charles A. Botschen, Groom, Miglicco, Gibson, Bussell & Stewart, Houston, for appellees.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This appeal arises from a trial court order granting a temporary injunction in favor of appellees, Joseph P. Conte, et al. The appellants, Greater Houston Bank, et al., were enjoined from selling certain real property described under a power of sale contained in a deed of trust securing appellants' promissory note in the principal amount of $1,700,000 bearing interest at the rate of 9½ percent per annum dated April 3, 1978. Appellants base their appeal on three points of error; we find no abuse of discretion in the trial court's order, and therefore overrule all points of error and affirm.

Appellants originally filed suit against appellees in Cause No. 80–19066 in the 189th Judicial District Court of Harris County seeking a declaration of its rights under the following provision of the real estate lien note:

ON DEMAND, BUT IF NO DEMAND IS MADE: Principal and interest shall be due and payable in monthly installments of FOURTEEN THOUSAND FIVE–HUNDRED THIRTY–FIVE AND NO/100 DOLLARS ($14,535.00) (or more)

each, payable on the 4th day of each and every calendar month, beginning on the 4th day of May, 1978, and continuing regularly thereafter until the expiration of fifteen (15) years from the date hereof, when the entire amount hereof, principal and interest thereon remaining unpaid, shall be then due and payable; interest being calculated on the unpaid principal to date of each installment paid and the payment made credited first to the discharge of the interest accrued and the balance to the reduction of the principal.

Appellee Conte, the maker of the note, answered with a general denial and affirmative pleas of usury, waiver and estoppel, and failure of consideration. Appellee Conte also added a cross-action asserting four causes of action (breach of contract, negligence, and two based on usury), alleging that the purpose of the note was for permanent long term financing. A final summary judgment was rendered in this cause on August 4, 1981. The declaratory judgment declared that the language in the real estate lien note (quoted above) gave the appellant bank the right, at its discretion, to payment upon demand of the principal and interest due thereon. It was further ordered that appellee Conte take nothing on his four causes of cross-action against the appellant bank. Conte appealed the trial court's judgment to this court, Cause No. C2993, raising eleven points of error. We overruled all eleven points of errors asserted by Conte and affirmed the judgment of the trial court. Our judgment was rendered and our opinion was filed on August 19, 1982. Prior to the rendition of our judgment, Cause No. C2993, the bank in November, 1981 exercised its rights under the note and demanded payment of the principal balance and accrued interest on December 1. Upon the appellee Conte's failure to comply with that demand the property securing the note was thereafter posted for foreclosure.

Thereafter, on December 1, appellee Conte filed Cause No. 81–58078 in the 127th District Court seeking a temporary injunction to enjoin the appellant bank from foreclosing on the security. The appellants thereafter filed their plea in abatement, and on January 7, 1982, the trial court denied the appellants' plea in abatement, and granted the temporary injunction. The trial court's order granting a temporary injunction to appellees is the basis of this particular interlocutory appeal by the appellants. Prior to the temporary injunction hearing, appellee Conte voluntarily tendered one million six hundred forty three thousand five hundred ninety two and 30/100 dollars ($1,643,592.30) into the registry of the court made payable to the style and number of the captioned case now before this court. It was further ordered that appellees, prior to the issuance of such temporary injunction, shall file with the clerk a good and sufficient bond of $300,000.00.

Appellants' three points of error basically questioned the trial court's propriety in granting the temporary injunction. The trial court did not err, because the law is well settled in this State that the granting or refusing of a temporary injunction is within the sound discretion of the trial court, and the court's action will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. *Southwestern Chemical & Gas Corporation v. Southeastern Pipe Line Company,* 369 S.W.2d 489 (Tex.Civ.App.—Houston 1963, no writ). Our Supreme Court in *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517 (1961), stated that a trial judge has broad discretion to grant or to deny a writ for temporary injunction when the pleadings and the evidence show a probable right of recovery in the applicant and a probable injury to him if the writ is not granted. Both *Southwestern Chemical & Gas Corporation* and *Camp, supra,* were quoted in appellants' brief.

 In their first point of error, appellants contend and rely on *Southwestern Chemical & Gas Corporation* as their authority that an irreparable injury is an injury of such a nature that the injured party cannot be adequately compensated therefore in damages, or that the damages which result therefrom cannot be measured by

any certain pecuniary standard. Although this authority is properly cited appellants do not properly apply the law to the facts in issue. Appellant argues that the injury appellees sought to enjoin was not irreparable and that appellees could pay the appellants and maintain a lawsuit for damages. Thus, appellants' sole argument in this regard is that the value of appellees' loss of use of the money is definite and easily ascertainable. Appellants' point of error is not well taken, because the purpose of the temporary injunction was to enjoin the appellants from foreclosing on a real estate note. It is well established law that each and every piece of real estate is unique. Therefore, if appellants were allowed to foreclose appellees would be irreparably harmed, since real estate is so unique. The law is well settled that the test for determining whether an existing remedy is adequate is whether such remedy is as complete and as practical and efficient to the ends of justice and its prompt administration as is equitable relief. *Southwestern Chemical & Gas Corporation, supra.* Appellants further cite *Armendariz v. Mora*, 526 S.W.2d 542 (Tex.1975). Again, this cited authority is not applicable because appellees would have been irreparably injured if appellants had been allowed to foreclose on the real estate lien note.

■ Appellants argue, in their second point of error, that the trial court erred in considering Conte's request for temporary injunctive relief in Cause No. 81–58078 because the judgment of the 189th District Court in Cause No. 80–19066 fully and finally adjudicated and resolved against Conte all issues upon which Conte based his request for injunctive relief. The heart of appellants' argument for point of error number two is that the trial court erred in overruling the appellants' plea in abatement. Based on the authority of *Hastings Oil Co., et al. v. Texas Co., et al.*, 149 Tex. 416, 234 S.W.2d 389 (1950), we have no jurisdiction to review this point of error as our Supreme Court has stated in *Hastings Oil Co.* that:

We cannot pass on that question because the trial court's ruling on the plea

in abatement was an interlocutory order and is not appealable, although it comes along with the interlocutory order of temporary injunction.

■ In their third point of error, appellants contend that the trial court erred in granting a temporary injunction because the evidence established as a matter of law that Conte had no probable right of recovery. As cited in Appellants' brief, the purpose of the temporary injunction is to preserve the status quo of the subject matter of the suit pending a final trial of the case on its merits. *Transport Co. of Texas, et al. v. Robertson Transports, Inc., et al.*, 152 Tex. 551, 261 S.W.2d 549 (1953). The Texas Supreme Court further stated in this case that:

The "status quo" to be preserved by temporary injunction is "the last, actual, peaceable, noncontested status which preceded the pending controversy."

Also, it cannot be said that appellees have no probable right of recovery. In a case cited by appellants, *Camp, supra,* our Supreme Court has stated that:

[t]o furnish a reasonable basis for the conclusion the evidence need not establish that the applicant will finally prevail in the litigation, but it must, at the very least, tend to support a right of recovery.

Appellee has done at least this much. Furthermore, whether or not appellees can recover on usury, contract and negligence claims could have been unrelated to their equitable defenses to acceleration of the note. We are of the opinion that even though the note provides the appellants with a contractual right to demand payment it does not preclude the appellees from asserting estoppel by waiver, at least as to acts which occurred after the first judgment. Appellees cite *San Antonio Real-Estate Building & Loan Ass'n v. Stewart*, 94 Tex. 441, 61 S.W. 386 (1901), to support this proposition wherein our Supreme Court stated that:

An agreement or waiver having the effect supposed may be inferred from the conduct and declarations of the parties as well as evidenced by their express stipulations.

Likewise, in *Diamond, et al. v. Hodges,* 58 S.W.2d 187 (Tex.Civ.App.—Dallas 1933, no writ), it was stated that an optional acceleration of maturity of a note can be waived by the acts and words of one who holds right of election. In the case at bar, the facts appear to support appellees' contention that there is grounds for asserting estoppel by waiver.

Accordingly, all points of error are overruled and the judgment of the trial court granting a temporary injunction is affirmed.