NUMBER 13-03-002-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 



ROBERT PERALES, SR. INDIVIDUALLY AND ROBERT PERALES, SR., INC., Appellants,



v.




JEFF CHARLES RIVIERA AND BARBARA RIVIERA, Appellees.

 

On appeal from the 275th District Court of Hidalgo County, Texas.



MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Yañez




 This case presents an accelerated, interlocutory appeal from the trial court's order granting the appellees' request for a
temporary injunction. Appellant, Robert Perales, Sr. and his self-titled corporation, (1) contend the trial court erred. We
affirm.

Background

 In May of 1995, Perales sold appellees, Jeff Charles and Barbara Riviera (husband and wife), approximately an acre and a
half of land in Weslaco. In June of 1998, appellant contracted with the Rivieras to build a two-story building on the
property. The first floor was to be the couple's business, a restaurant and meeting facility. The second floor was to be their
home. In April or May of 2001, appellees stopped making payments to appellant for the property and the building. At
some point thereafter, appellees filed for bankruptcy, which prohibited appellant from collecting payments or foreclosing
on the property and building.

 Around February 2002, the Rivieras discovered hazardous conditions within the building, which had gone unnoticed since
its construction. On September 17, 2002, appellees filed suit against appellant for: (1) breach of contract, based on
standard building code violations; (2) fraud and misrepresentation under the Deceptive Trade Practices Act; (3) common
law fraud; and (4) negligence.

 On September 25, 2002, in response to a motion by Perales, a bankruptcy court lifted the stay prohibiting him from
collecting payments from or foreclosing on the Rivieras' property and building. Then, on September 30, 2002, appellees
filed an application for temporary injunction to prevent appellant from collecting payments or foreclosing. A hearing was
held on November 8, 2002, and the trial court granted appellees a temporary injunction. Appellant timely filed his notice of
accelerated appeal.

Standard of Review

 A temporary injunction is an extraordinary remedy and does not issue as a matter of right. Butnaru v. Ford Motor Co., 84
S.W.3d 198, 204 (Tex. 2002) (citing Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam)). A decision on
whether to grant or deny a temporary injunction is within the sound discretion of the trial court and should only be reversed
if the trial court abused its discretion. Id.; Walling, 863 S.W.2d at 58. At a temporary injunction hearing, the only issue
before the trial court is whether the status quo should be preserved pending trial on the merits. Walling, 863 S.W.2d at 58; 
Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978). The status quo is "the last, actual, peaceable, non-contested status that
preceded the pending controversy." State v. Southwestern Bell Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975). The reviewing
court must not substitute its judgment for the trial court's judgment unless the trial court's order is so arbitrary,
unreasonable, or based upon so gross and prejudicial an error of law as to establish abuse of discretion. Butnaru, 84
S.W.3d at 204; Johnson v. Fourth Ct. App., 700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding). The trial court does not
abuse its discretion if it bases its decision on conflicting evidence. Davis, 571 S.W.2d at 862.

Elements of a Temporary Injunction

 An applicant for temporary injunction must plead and prove three specific elements: (1) a cause of action against the
defendant; (2) a probable right to the relief sought; and (3) a probable injury in the interim. Butnaru, 84 S.W.3d at 204; 
Walling, 863 S.W.2d at 57; Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968). A probable injury is one that is
imminent, irreparable, and has no adequate remedy at law. Harbor Perfusion, Inc. v. Floyd, 45 S.W.3d 713, 716 (Tex.
App.-Corpus Christi 2001, no pet.); Tenet Health Ltd. v. Zamora, 13 S.W.3d 464, 468 (Tex. App.-Corpus Christi 2000,
pet. dism'd w.o.j.).

Analysis

 By four issues, Perales contends that the trial court erred by granting the temporary injunction because the Rivieras did not
prove a probable injury.

 The trial court's order provides:

 Plaintiffs (the Rivieras) have suffered and will continue to suffer probable injury to their property and business as a result
of code violations. Additionally the harm to Plaintiffs is imminent in that enforcement of that debt will proximately lead to
foreclosure and foreclosure will cause additional harm because of inability [sic] to evaluate the full and complete extent of
danger to the property and business in question. The harm to Plaintiffs' business isirreparable because, based on the
evidence the health and safety concerns of the building are remedied only with great difficulty and at great expense. . . . 
There is no adequate remedy at law because any adequate remedy is not as practical, available, or effectual as an equitable remedy.



(emphasis added).

A. Imminent Harm

 In his first issue, Perales challenges the imminence requirement of the probable injury element of a temporary injunction. 
Imminent harm is only present when the temporary injunction respondent (appellant) will engage in the activity the
applicant (appellees) requests to be enjoined. See State v. Morales, 869 S.W.2d 941, 946-47 (Tex. 1994). (2) Appellant
contends the threat of foreclosure is not a sufficient basis to prove the probable injury's imminent harm. Considering that
appellant received an order in his favor from a bankruptcy court allowing him to collect payments from or foreclose on the
Rivieras' property and building, it was within the trial court's discretion to find imminent harm. Appellant's first issue is
overruled.

 In his third issue, Perales again challenges the imminence requirement. Appellant contends the trial court erred by finding
"foreclosure will cause additional harm because of [an] inability to evaluate the full and complete extent of danger to the
property and business in question." Appellant argues that foreclosure will not result in imminent harm because appellees'
expert has been given an adequate opportunity to inspect the property. However, Jeff Riviera testified at the hearing that
one of the reasons he applied for the temporary injunction was so that he could get more experts to determine the damages
in the lawsuit against appellant. Appellant's counsel responded by offering to accommodate appellees' experts, (3) without
presenting testimony as to why this arrangement would be preferable.

 Perales now alleges that the trial court erred by impliedly ruling that such accommodation was not sufficient to allow the
Rivieras to determine the supposed damages. However, appellant has offered to this Court no legal authority in support of
his contention that such an accommodation should be accepted by the trial court. Considering that the trial court does not
abuse its discretion if it bases its decision on conflicting evidence, Davis, 571 S.W.2d at 862, the court did not err in
finding imminent harm. Appellant's third issue is overruled.

B. Irreparable Harm

 In his second issue, Perales contends the Rivieras' allegation that foreclosure would deprive them of their sole source of
income is not a sufficient basis to prove probable injury. Yet, disruption of business can be irreparable. See Liberty Mut.
Ins. Co. v. Mustang Tractor & Equip. Co., 812 S.W.2d 663, 666 (Tex. App.-Houston [14th Dist.] 1991, no writ) (citing
David v. Bache Halsey Stuart Shields, Inc., 630 S.W.2d 754, 757 (Tex. App.-Houston [1st Dist.] 1982, no writ)). 
Moreover, every piece of real estate is unique, and if foreclosure were allowed before a full determination of the underlying
claims, appellees would be irreparably harmed. El Paso Dev. Co. v. Berryman, 729 S.W.2d 883, 888 (Tex. App.-Corpus
Christi 1987, no writ). Thus, the trial court did not err in finding irreparable harm. Appellant's second issue is overruled.C. 
No Adequate Remedy at Law

 In his fourth issue, Perales contends that the Rivieras' pending lawsuit demonstrates that equitable relief, such as a
temporary injunction, is not necessary. We disagree. "When ownership of real estate is at issue, existence of a cause of
action for damages is no basis for denying equitable relief." Id. (citing Irving Bank & Trust Co. v. Second Land Corp., 544
S.W.2d 684, 687 (Tex. Civ. App.-Dallas 1976, writ ref'd n.r.e.)).

 "The test for determining if an existing remedy is adequate is whether it is as complete and as efficient as is equitable
relief." Id. at 887-88 (citing Greater Houston Bank v. Conte, 641 S.W.2d 407, 410 (Tex. App.-Houston [14th Dist.] 1982,
no writ)). We cannot say the trial court abused its discretion by concluding that allowing Perales to foreclose and proceed
to trial (regarding the property and building foreclosed upon) is not as complete and efficient a remedy as issuing a
temporary injunction for the Rivieras, pending the outcome of a trial on the merits.

 Considering the deference due the trial court according to the standard of review applicable here, the court did not err in
finding there was no adequate remedy at law. Appellant's fourth issue is overruled.

Conclusion

 Because there is evidence to support the decision to issue the temporary injunction, the trial court's order is not so arbitrary,
unreasonable, or based upon so gross and prejudicial an error of law as to establish an abuse of discretion.

 We have considered all of appellant's issues and they are all overruled. The trial court's order is AFFIRMED.



 

LINDA REYNA YAÑEZ

Justice







Opinion delivered and filed this the

24th day of July, 2003.

1. Although Robert Perales, Sr. and his self-titled corporation are two entities, we will refer to them as one.

2. "[I]njunctive relief is improper where the party seeking the injunction has mere fear or apprehension of the possibility of
injury." Harbor Perfusion, Inc. v. Floyd, 45 S.W.3d 713, 716 (Tex. App.-Corpus Christi 2001, no pet.) (citing Frey v.
DeCordova Bend Estates Owners Ass'n, 647 S.W.2d 246, 248 (Tex. 1983)). "A prerequisite for injunctive relief is actual
injury, the threat of imminent harm, or another's demonstrable intent to do that for which injunctive relief is sought." Id.
(citing Tri-State Pipe & Equip., Inc. v. S. County Mut. Ins. Co., 8 S.W.3d 394, 401 (Tex. App.-Texarkana 1999, no pet.)).

3. Appellant offered to allow appellees' experts to enter the property at an agreed time to conduct any investigation deemed
necessary to evaluate damages.