**Opinion issued December 5, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00311-CV

———————————

### KONSTANTINOS LAGOU, Appellant

### V.

### U. S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF MERRILL LYNCH MORTGAGE TRUST 2006-C1, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-C1, Appellees

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-60792**

---

## MEMORANDUM OPINION

In this commercial loan guaranty dispute, Konstantinos Lagou challenges

the trial court's entry of interlocutory and final summary judgments in favor of

U.S. Bank National Association, an order denying a continuance, and an order denying a motion for new trial. Finding no error, we affirm.

## Background

### A. Loan and Guaranty

In 2006, K&J Partners Corporation purchased a retail shopping center in Houston. K&J financed its purchase with a loan of $3,475,000 from LaSalle Bank National Association. The note on the loan obligated K&J to make monthly principal and interest payments, beginning in 2006 and continuing through 2016. To secure the note, K&J gave LaSalle a deed of trust, pledging the property and all personal property associated with it, as collateral for the loan. As further security, Lagou and Jonathan Bui executed a guaranty, assuming joint and several liability for the unpaid balance of the loan if certain triggers occurred, including "the voluntary filing by [K&J] . . . of any proceeding for relief under any federal or state bankruptcy, insolvency or receivership laws or any assignment for the benefit of creditors made by [K&J]." In the guaranty, Lagou waived his right to notices of breach, default, or acceleration of the loan, as well as sale or foreclosure of the property.

LaSalle assigned all of its rights, titles, and interests in the note, deed of trust, and guaranty to the Merrill Lynch Mortgage Trust 2006-C1, Commercial

Mortgage Pass-Through Certificates, Series 2006-C1 (the "Trust"), of which the trustee is U.S. Bank National Association.

**B.    Default and Bankruptcy**

In the summer of 2009, K&G fell behind on its payments under the loan. Under the terms of the note and the deed of trust, this constituted an event of default by K&J.  On August 31, 2009, counsel for the Trust sent K&J, Bui, and Lagou a notice of default and demanded payment of "all amounts due under the Loan."  Although K&J made additional payments against the loan in September 2009, it did not pay the loan in full.  On October 13, 2009, counsel for the Trust sent K&J, Bui, and Lagou a notice of foreclosure and acceleration.  The Trust did not foreclose on the loan at that time, however, but later sent a notice in July 2010 of its intent to foreclose the loan in a public sale on August 3, 2010.  K&J made several additional payments in the interim.

On August 2, 2010, the day before the scheduled sale, K&J filed for protection under Chapter 11 of the United States Bankruptcy Code.  The automatic stay imposed by the Bankruptcy Code temporarily prevented the foreclosure.  *See* 11 U.S.C.A. § 362(a) (2012) (filing of a petition in bankruptcy "operates as a stay" of certain actions).  On April 8, 2011, the Trust sent another notice of foreclosure; meanwhile, it sought relief in the bankruptcy court from the automatic stay.  On April 28, 2011, the bankruptcy court granted the Trust relief.  On May 3, 2011, the

Trust foreclosed on the loan and sold the property for $2,000,000. The bankruptcy proceeding was dismissed two weeks later.

## C.      Course of Proceedings

U.S. Bank, as trustee of the Trust, sued Bui and Lagou, seeking to recover on the guaranty. U.S. Bank moved for summary judgment on its claim for breach of guaranty. U.S. Bank supported its motion with an affidavit from Tom Shearer, vice president of CWCapital Asset Management LLC, the entity that serviced the loan for the Trust. Lagou filed a motion for continuance of the submission date, which the trial court granted. In the meantime, Lagou filed objections to Shearer's affidavit, a response to the summary judgment motion, and an amended answer and counterclaims for wrongful foreclosure and unfair debt collection practices. On the rescheduled submission date for the summary judgment motion, Lagou filed an unverified motion for a further continuance. The next day, the trial court denied Lagou's motion for a further continuance and granted U.S. Bank's traditional motion for summary judgment on the breach of guaranty claim.

After the trial court granted partial summary judgment on the guaranty, Lagou requested that the trial court rule on his objections to Shearer's affidavit, but it did not. U.S. Bank then moved for summary judgment as to Lagou's counterclaims. U.S. Bank also supported this motion with the Shearer affidavit, to

which Lagou again objected. The trial court granted summary judgment to U.S. Bank and entered a final judgment.

Lagou moved for a new trial or, in the alternative, to modify the summary judgments, arguing that material issues of disputed fact precluded the summary judgments and that the trial court should have granted his second request for continuance. The trial court denied the motion.

## Discussion

### A. Standard of Review

We review a grant of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (citations omitted). "Under Texas Rule of Civil Procedure 166a(c), the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* at 215–16 (citations omitted).

When the trial court's order does not specify the grounds on which summary judgment was granted, "we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Id.* at 216 (citations omitted).

A no-evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i) must be granted when "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citation omitted).

## B. Preliminary Rulings

At the outset, Lagou challenges the trial court's denial of his second motion for continuance of the hearing on U.S. Bank's first motion for summary judgment. "When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (citing TEX. R. CIV. P. 166a(g), 251, 252). Whether to grant a party additional time to conduct discovery in such circumstances is a matter for the trial court's discretion. *Id.*

Lagou did not verify his second motion for continuance or proffer a declaration to support it. On appeal, Lagou argues that this requirement was satisfied by a later affidavit of his attorney, filed more than two months after the trial court denied the motion for continuance and granted the first motion for

6

summary judgment. Lagou proffered that affidavit, however, in response to U.S. Bank's motion for summary judgment on Lagou's counterclaims; it is irrelevant to a motion for continuance. Because Lagou failed to comply with the requirements of Rule of Civil Procedure 251 that a motion for continuance be verified or "supported by affidavit," the trial court did not abuse its discretion in denying it. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

The motion for continuance itself does not cure the failure, because it does not specifically state the further discovery sought nor the efforts Lagou had made to obtain it. "If a continuance is sought in order to pursue further discovery, the motion must describe the evidence sought, explain its materiality, and show the party requesting the continuance has used due diligence to obtain the evidence." *Wal-Mart Stores Tex., LP v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied). We hold that the trial court did not err in denying Lagou's second motion for continuance. *Tenneco*, 925 S.W.2d at 647; *Villegas*, 711 S.W.2d at 626.

As another preliminary matter, Lagou argues that the trial court erred by failing to rule on his objections to the affidavit of Tom Shearer, who supported U.S. Bank's motions. Objections as to the form of summary judgment proof are waived if the objecting party fails to obtain a ruling on the objections or a written order signed by the trial court. Tex. R. Civ. P. 166a(f); *see also Rogers v. Cont'l*

7

*Airlines, Inc.*, 41 S.W.3d 196, 200 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Roberts v. Friendswood Dev. Co.*, 886 S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.] 1994, writ denied). However, we review substantive summary-judgment objections on appeal, even if an appellant did not properly present them to the trial court. *See Wal-Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 839 (Tex. 2010); *see also Stephens v. Precision Drilling Oilfield Servs. Corp.*, No. 01–11–00326–CV, 2013 WL 1928797, at *7 (Tex. App.—Houston [1st Dist.] May 9, 2013, no pet.) (mem. op.); *Mega Builders, Inc. v. Am. Door Prods., Inc.*, No. 01–12–00196–CV, 2013 WL 1136584, at *9 (Tex. App.—Houston [1st Dist.] Mar. 19, 2013, no pet.) (mem. op.).

Lagou did not incorporate his objections into his responses to U.S. Bank's summary judgment motions, nor did he ever set the objections or later request for a ruling for a hearing. After U.S. Bank raised this argument in its brief, Lagou withdrew his fourth issue as it relates to defects in form. We therefore address Lagou's substantive objections to the Shearer affidavit, which we may review on appeal even if Lagou failed to present them properly to the trial court. *See id.*

Lagou objected to eight different paragraphs of the affidavit, on four different grounds. He raised hearsay and best evidence objections as to all eight paragraphs, objected that three paragraphs lack foundation, and objected that three paragraphs contain legal conclusions. Hearsay, violations of the best evidence

8

rule, and statements that lack a sufficient foundation for admissibility are all defects of form, not substance. *Colvin v. Tex. Dow Emps. Credit Union*, No. 01–11–00342–CV, 2012 WL 5544950, at *4 (Tex. App.—Houston [1st Dist.] Nov. 15, 2012, no pet.) (mem. op.) ("a best-evidence objection is a form objection" (collecting cases)); *Harris v. Spires Council of Co-Owners*, 981 S.W.2d 892, 896–97 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (hearsay and lack of personal knowledge are defects of form); *Cottrell v. Carrillon Assocs., Ltd.*, 646 S.W.2d 491, 494 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.) (failure to lay proper predicate for admissibility is defect of form). An objection that an affidavit is conclusory, however, is an objection to substance. *E.g.*, *Mega Builders*, No. 01–12–00196–CV, 2013 WL 1136584, at *9. A statement is conclusory if it provides a conclusion without any explanation or fails to provide the underlying facts to support the conclusion. *Id.* (collecting authorities).

Shearer averred that the bankruptcy court stayed the original foreclosure sale until April 28, 2011, that the Trust foreclosed on the loan, and that Lagou and Bui "failed and refused to satisfy the amounts due and owing to the Trust under the Note and associated loan documents." Lagou contends that these statements were conclusory. Shearer supported his statement about the bankruptcy proceedings with an attachment of the order in question. The statement that the Trust had foreclosed on the loan was based both on Shearer's personal knowledge as servicer

9

of the loan and on documents attached to the affidavit, namely the notice of foreclosure and the substitute trustee's deed. Shearer's personal knowledge as servicer of the loan and the notice of default, which was sent "on behalf of CWCapital Asset Management LLC," and demanded payment in full to CWCapital of all amounts due under the loan, support Shearer's statement that Lagou failed to pay on the guaranty. Statements supported by attached evidence and specific facts are not conclusory. *E.g.*, *Arkoma Basin Exploration Co., Inc. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 & n.32 (Tex. 2008); *Bavishi v. Sterling Air Conditioning, Inc.*, No. 01–10-00610–CV, 2011 WL 3525417, at \*10 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, no pet.) (mem. op.). Having disposed of Lagou's preliminary contentions, we turn to his substantive challenges to the trial court's summary judgment.

## C. Breach of Guaranty

To prevail on a breach of guaranty claim, a party must prove (1) the existence and ownership of a guaranty; (2) the terms of the underlying loan contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal of the guarantor to perform. *Byrd v. Estate of Nelms*, 154 S.W.3d 149, 157 (Tex. App.—Waco 2004, pet. denied); *see also Marshall v. Ford Motor Co.*, 878 S.W.2d 629, 631 (Tex. App.—Dallas 1994, no writ). Lagou identifies the following areas of factual dispute that he argues render

10

the summary judgment improper: cure, waiver, violation of the bankruptcy stay, validity of the foreclosure sale, and proper escrow accounting.

*Cure*

Lagou argues that he raised a fact issue as to whether K&J cured its default on the note; thus, he argues, U.S. Bank has not conclusively proven his liability on the guaranty. Lagou points to evidence that K&J made partial payments on the loan even after it received a notice of default and acceleration, and evidence that an employee of the servicer stated in November 2010 that the loan was current "through October 2010." It is undisputed, however, that the loan was not paid in full after it was accelerated, and that K&J subsequently filed for bankruptcy protection. Either of these conditions independently triggered Lagou's liability under the guaranty, and do not provide for a cure. Because Lagou did not dispute either of these bases for default and liability under the guaranty, he has not raised a fact issue by adducing evidence of additional partial payments.

*Waiver*

Lagou argues that the Trust also waived the acceleration of the loan by accepting partial payments subsequent to the notice of acceleration. He again relies on the loan's servicer's November 2009 email, after the August notice of default, which reads that "the loan is current through October." Lagou also points to a subsequent statement showing that the loan was not accelerated as of March

2010. As support for his waiver argument, Lagou cites *Greater Houston Bank v. Conte*, 641 S.W.2d 407, 411 (Tex. App.—Houston [14th Dist.] 1982, no writ) (citing *San Antonio Real-Estate Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386 (Tex. 1901) (right to acceleration may be waived if each party acts in such a way as to lead the other to believe and act as though a default has been disregarded); *Diamond v. Hodges*, 58 S.W.2d 187 (Tex. Civ. App.—Dallas 1933, no writ) (same)). *Greater Houston* and the cases upon which it relies, however, are all distinguishable, because each involves a waiver of the *right to accelerate*, not a waiver of the right to enforce an already-accelerated obligation. *See Stewart*, 61 S.W. at 387–88 (lender waived right to acceleration when it waited sixteen years to sue, twelve years after four-year limitations period had run); *Greater Hous.*, 641 S.W.2d at 410–11 (debtors raised adequate defense of waiver to support temporary injunction against sale of property, where lender obtained declaratory judgment of its rights and then acted in manner indicating waiver of right to acceleration prior to enforcing note); *Diamond*, 58 S.W.2d at 188 (fact issue existed as to whether lender waived right to acceleration).

The servicer's email and statement do not rescind the earlier notice of acceleration. Because these statements do not refer to the earlier notice of acceleration, and no record evidence exists that U.S. Bank knew of, directed, or approved of either communication, we hold that the email and statement do not

12

raise a fact issue about whether U.S. Bank had waived its right to accelerate. *See Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987) ("Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right."); *see also Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) ("for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances").

*Automatic stay*

U.S. Bank sent a notice of foreclosure sale to Lagou about 10 days before the bankruptcy court granted relief from the automatic stay. Lagou contends that the notice violates the Bankruptcy Code. *See* 11 U.S.C.A. § 362(a) (2012) (filing of a petition in bankruptcy "operates as a stay" of certain actions). According to Lagou, the bankruptcy court order that U.S. Bank "shall be entitled to post" a notice required the bank to post a new notice after the date of the order.

The parties do not dispute, however, that the sale itself occurred on May 3, 2011, a date authorized in the bankruptcy court's order. Because the bankruptcy court permitted the sale to go forward, we hold that this evidence, without more, fails to raise a fact issue on Lagou's liability under the guaranty. Lagou does not explain a connection between the premature notice and his liability; without any citation to the record or authority, his argument does not merit a reversal. *See* TEX.

13

R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

*Foreclosure sale*

Lagou argues that there is a genuine issue of fact regarding (1) whether the foreclosure sale occurred and (2) whether the substitute trustee's deed after foreclosure is valid. But Lagou does not address any element of U.S. Bank's breach of guaranty claim, in connection with his contention. We hold that these contentions do not raise a genuine issue of disputed fact sufficient to defeat summary judgment on the guaranty claim. *Byrd*, 154 S.W.3d at 157.

Lagou further argues that the $2,000,000 sale price of the property was grossly inadequate, in light of a private appraisal and a Harris County Appraisal District tax appraisal that each valued the property at more than $3,000,000. This argument similarly does not address any element of U.S. Bank's breach of guaranty claim, and therefore cannot raise an issue of fact sufficient to defeat the bank's first motion for summary judgment. *See id.*

*Escrow accounting*

Lagou contends that U.S. Bank improperly maintained escrow accounts related to the loan, with the result that the bank obtained force placed insurance at a cost substantially higher than that of the policy previously in place when Lagou did not renew an earlier policy. According to Lagou, this impropriety means that

14

the foreclosure was invalid, and the amount of debt owing under the loan was not established. But Lagou does not identify any evidence that supports his allegations of impropriety other than his own declaration, in which he states that he believed that U.S. Bank was responsible for monitoring and advancing the costs of taxes and insurance and that insurance for the property "somehow lapsed or was not renewed." Lagou recites no factual bases for these conclusions. "An interested witness' affidavit which recites that the affiant 'estimates,' or 'believes' certain facts to be true will not support summary judgment." *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *see also Frank's Int'l, Inc. v. Smith Int'l, Inc.*, 249 S.W.3d 557, 566 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Because Lagou cites no other evidence in support of this argument, he has failed to raise a fact issue sufficient to warrant reversal of the trial court's summary judgment on the guaranty claim. We next turn to Lagou's counterclaim for wrongful foreclosure.

**D.    Wrongful Foreclosure**

In the trial court, Lagou counterclaimed for wrongful foreclosure and for violations of the Texas Debt Collection Act. *See* TEX. FIN. CODE ANN. §§ 392.301–.304, 392.403 (West 2006). While Lagou identifies the elements of a wrongful foreclosure claim in his reply brief, he does not identify the elements of any other cause of action or attempt to tie any evidence to any other cause of

15

action. We therefore confine our discussion to the wrongful foreclosure claim. *Mohseni v. Hartman*, 363 S.W.3d 652, 655 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (summary judgment may be upheld as to causes of action that are not briefed on appeal); *see also Morrill v. Cisek*, 226 S.W.3d 545, 548–49 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The elements of a claim for wrongful foreclosure are (1) a defect in the sale proceedings, (2) a grossly inadequate sale price, and (3) a causal connection between the defect and the sale price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Lagou challenges the sale and pre-sale proceedings, and he argues that the Trust received a grossly inadequate sale price for the property. But Lagou fails to identify any evidence of the third element: a causal connection between any alleged defect in the sale process and the price U.S. Bank received. Nor does he present a theory as to the connection based on legal argument or circumstantial evidence. Such a causal connection is a required element of Lagou's wrongful foreclosure claim. *Id.* Because the record contains no evidence of this element, U.S. Bank was entitled to a no-evidence summary judgment on Lagou's counterclaim for wrongful foreclosure. *Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970).

**E.     Motion for New Trial**

Lagou's motion for new trial challenged the trial court's summary judgment on the same bases he relied on in defending against summary judgment. On appeal, Lagou contends that the trial court should have granted a new trial because U.S. Bank "thwarted Lagou's efforts to obtain discovery." Neither the motion for new trial nor Lagou's briefs to this court, however, identify any of the discovery that he sought, explain its relevance to any claim or defense, or demonstrate that he was diligent in seeking to obtain the discovery in question. Under these facts, we cannot say that the trial court abused its discretion in denying the motion for new trial. *In re Cerberus Capital Mgmt.*, 164 S.W.3d 379, 382 (Tex. 2005); *see also In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 213 (Tex. 2009) (orig. proceeding); TEX. R. CIV. P. 320.

## Conclusion

The trial court properly granted summary judgment on the guaranty agreement and on the counterclaim for wrongful foreclosure. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

17